DEMOS *v.* STORRIE ET AL.

No. 92–6846.   Decided March 8, 1993

PER CURIAM.

*Pro se* petitioner John R. Demos, Jr., has made 48 *in forma pauperis* filings in this Court since the beginning of the October 1988 Term, many of which challenged sanctions imposed by lower courts for frivolous filings.   Almost two years ago, we prospectively denied Demos leave to proceed *in forma pauperis* "in all future petitions for extraordinary relief."   *In re Demos,* 500 U. S. 16, 17 (1991) *(per curiam).* At that time, we said that Demos "remains free under the present order to file *in forma pauperis* requests for relief other than an extraordinary writ, if he qualifies under this Court's Rule 39 and does not similarly abuse that privilege."   *Ibid.*

Since then, Demos has filed 14 petitions for certiorari. We denied the first seven petitions outright, and denied Demos leave to proceed *in forma pauperis* under our Rule 39.8 as to the following six.   Today, we invoke Rule 39.8 again with respect to the instant petition.   Demos is allowed until March 29, 1993, within which to pay the docketing fees required by Rule 38 and to submit the petition in compliance with this Court's Rule 33.   Because Demos has refused to heed our prior warning, we further direct the Clerk to reject

all future petitions for certiorari from Demos in noncriminal matters unless he pays the docketing fee required by Rule 38 and submits his petition in compliance with Rule 33. See *Martin* v. *District of Columbia Court of Appeals,* 506 U. S. 1, 1–2 (1992) *(per curiam).* Demos' continued course of abusive filings plainly warrants this sanction.

*It is so ordered.*

JUSTICE STEVENS, with whom JUSTICE BLACKMUN joins, dissenting.

In my opinion, the administration of special procedures for disposing of repetitive and frivolous petitions is less efficient than our past practice of simply denying such petitions.* I continue to adhere to my previously stated views on this issue, see *Martin* v. *District of Columbia Court of Appeals,* 506 U. S. 1, 4 (1992) (STEVENS, J., dissenting); *Zatko* v. *California,* 502 U. S. 16, 18 (1991) (STEVENS, J., dissenting), and would deny certiorari rather than invoking Rule 39 in this case. Accordingly, I respectfully dissent.

---

*The next issue the Court will confront in developing its Rule 39.8 jurisprudence, for instance, is whether to apply orders like today's retroactively, to petitions pending on the date they are issued.