IN RE WHITAKER

No. 93–9220. Decided October 11, 1994

PER CURIAM.

*Pro se* petitioner Fred Whitaker filed a petition for writ of mandamus and requests permission to proceed *in forma pauperis* under this Court's Rule 39. Pursuant to Rule 39.8,

1

we deny petitioner leave to proceed *in forma pauperis.*\* Petitioner is allowed until November 1, 1994, within which to pay the docketing fee required by Rule 38(a) and to submit a petition for a writ of prohibition in compliance with Rule 33 of the Rules of this Court. For the reasons explained below, we also direct the Clerk of the Court not to accept any further petitions for extraordinary writs from petitioner in noncriminal matters unless he pays the docketing fee required by Rule 38(a) and submits his petition in compliance with Rule 33.

Since 1987, petitioner has filed 23 claims for relief, including 18 petitions for certiorari, 9 of which have been filed in the last three Terms. That total also includes five petitions for extraordinary writs filed since June 1992. We have denied all of the petitions without recorded dissent. We have also denied petitioner leave to proceed *in forma pauperis* pursuant to Rule 39.8 for the last two petitions in which he has sought extraordinary relief. *In re Whitaker,* 511 U. S. 1105 (1994); *In re Whitaker,* 506 U. S. 983 (1992).

Petitioner's current claim involves a civil action brought in the Alameda, California, Superior Court against Lake Merritt Lodge & Residence, alleging damages of $2 in illegal taxes. His legal arguments here are just as frivolous as those he has made in previous petitions.

Although petitioner has exhibited frequent filing patterns with respect to petitions for writ of certiorari, we limit our sanctions at this time to the type of relief requested today— styled as petitions for extraordinary writs. We have imposed similar sanctions in the past. See, *e. g., In re Anderson,* 511 U. S. 364 (1994); *In re Demos,* 500 U. S. 16 (1991); *In*

---

\*Rule 39.8 provides: "If satisfied that a petition for a writ of certiorari, jurisdictional statement, or petition for an extraordinary writ, as the case may be, is frivolous or malicious, the Court may deny a motion for leave to proceed *in forma pauperis.*"

*re Sindram,* 498 U. S. 177 (1991); *In re McDonald,* 489 U. S. 180 (1989). As we concluded in *Sindram:*

> "The goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous requests. *Pro se* petitioners have a greater capacity than most to disrupt the fair allocation of judicial resources because they are not subject to the financial considerations—filing fees and attorney's fees—that deter other litigants from filing frivolous petitions. The risks of abuse are particularly acute with respect to applications for extraordinary relief, since such petitions are not subject to any time limitations and, theoretically, could be filed at any time without limitation. In order to prevent frivolous petitions for extraordinary relief from unsettling the fair administration of justice, the Court has a duty to deny *in forma pauperis* status to those individuals who have abused the system." 498 U. S., at 179–180 (citation omitted).

JUSTICE STEVENS, dissenting.

Having already explained why the 1991 amendment to this Court's Rule 39 was both unnecessary and ill considered,[1] and having dissented from each of the dispositions cited by the Court today,[2] I would only add that I remain convinced that the views expressed in those dissents are correct. Given the current state of our docket, there is a peculiar irony in the Court's reliance, as a basis for singling out this

---

[1] *In re Amendment to Rule 39,* 500 U. S. 13, 15 (1991) (dissenting opinion).

[2] See *In re Anderson,* 511 U. S. 364, 366 (1994); *In re Demos,* 500 U. S. 16, 17–19 (1991); *In re Sindram,* 498 U. S. 177, 180–183 (1991); *In re McDonald,* 489 U. S. 180, 185–188 (1989). See also *Day* v. *Day,* 510 U. S. 1, 3 (1993) (STEVENS, J., dissenting); *Talamini* v. *Allstate Ins. Co.,* 470 U. S. 1067, 1069–1072 (1985) (STEVENS, J., concurring).

4

petition for special treatment, on the supposed need to conserve its scarce resources so that it may achieve its "'goal of fairly dispensing justice,'" *ante,* at 3.

I respectfully dissent.