# WHITAKER v. SUPERIOR COURT OF CALIFORNIA, SAN FRANCISCO COUNTY (MERRILL REESE, INC., REAL PARTY IN INTEREST)

No. 94–7743.  Decided April 17, 1995

PER CURIAM.

*Pro se* petitioner Fred Whitaker has filed a petition for writ of certiorari and requests leave to proceed *in forma pauperis* under Rule 39 of this Court.  Pursuant to Rule 39.8, we deny petitioner's request to proceed *in forma pauperis*.*  Petitioner is allowed until May 8, 1995, to pay the docketing fees required by Rule 38 and to submit his petition in compliance with this Court's Rule 33.  For the reasons explained below, we also direct the Clerk of the Court not to

---

*Rule 39.8 provides: "If satisfied that a petition for a writ of certiorari, jurisdictional statement, or petition for an extraordinary writ, as the case may be, is frivolous or malicious, the Court may deny a motion for leave to proceed *in forma pauperis*."

accept any further petitions for certiorari from petitioner in noncriminal matters unless he pays the docketing fees required by Rule 38 and submits his petition in compliance with Rule 33.

Petitioner is a prolific filer in this Court. Since 1987, he has filed 24 petitions for relief, including 6 petitions for extraordinary relief and 18 petitions for certiorari. Fifteen of the twenty-four petitions have been filed in the last four Terms, and we have denied all 24 petitions without recorded dissent. We also have denied petitioner leave to proceed *in forma pauperis* pursuant to Rule 39.8 of this Court for the last three petitions in which he has sought extraordinary relief. See *In re Whitaker*, 513 U. S. 1 (1994); *In re Whitaker*, 511 U. S. 1105 (1994); *In re Whitaker*, 506 U. S. 983 (1992). And earlier this Term, we directed the Clerk of the Court "not to accept any further petitions for extraordinary writs from petitioner in noncriminal matters unless he pays the docketing fee required by Rule 38(a) and submits his petition in compliance with Rule 33." 513 U. S., at 2. Though we warned petitioner at that time about his "frequent filing patterns with respect to petitions for writ of certiorari," *ibid.*, we limited our sanction to petitions for extraordinary writs.

We now find it necessary to extend that sanction to petitions for certiorari filed by petitioner. In what appears to be an attempt to circumvent this Court's prior order, petitioner has labeled his instant petition a "petition for writ of certiorari" even though it would seem to be more aptly termed a "petition for an extraordinary writ": He argues that the California Supreme Court erred in denying his petition for review of a California Court of Appeals order which denied his petition for writ of mandate/prohibition seeking to compel a California trial judge to make a particular ruling in a civil action filed by petitioner. And the legal arguments petitioner makes in his instant "petition for writ of certiorari" are, just as those made in his previous 18 pe-

titions for certiorari, frivolous. As we told petitioner earlier this Term, "[t]he goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous requests." *Ibid.* (internal quotation marks and citation omitted).

Petitioner's abuse of petitions for certiorari has occurred only in noncriminal cases, and we limit our sanction accordingly. This order therefore will not prevent petitioner from filing a petition for certiorari to challenge criminal sanctions that might be imposed upon him. But like other similar orders we have issued, see *In re Sassower,* 510 U. S. 4 (1993); *Day* v. *Day,* 510 U. S. 1 (1993); *Demos* v. *Storrie,* 507 U. S. 290 (1993); *Martin* v. *District of Columbia Court of Appeals,* 506 U. S. 1 (1992), this order will allow the Court to devote its limited resources to the claims of petitioners who have not abused our process.

*It is so ordered.*

JUSTICE STEVENS, dissenting.

A simple denial would adequately serve the laudable goal of conserving the Court's "limited resources." *Ante* this page. See generally *In re Whitaker,* 513 U. S. 1, 3 (1994) (STEVENS, J., dissenting).

I respectfully dissent.