509 S.E.2d 327

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Helen MORRIS, aka Helen King, Defendant Below, Appellant.**

No. 24714.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 15, 1998.

Decided Oct. 2, 1998.

Starcher, J., issued dissenting opinion.

Darrell V. McGraw, Jr., Attorney General, Victor S. Woods, Rory L. Perry, Assistant Attorneys General, Charleston, West Virginia, Attorneys for the Appellee.

Dreama D. Sinkkanen, Harrison County Public Defender, Clarksburg, West Virginia, Attorney for the Appellant.

PER CURIAM:

Helen Morris; a.k.a. Helen King, appellant/defendant (hereinafter Ms. Morris), appeals her criminal conviction by a jury in the Circuit Court of Harrison County. Ms. Morris was convicted of third offense shoplifting. She was sentenced to 1–10 years imprisonment. In this appeal, Ms. Morris argues that the trial court committed reversible error by: (1) denying her motion to stipulate to prior shoplifting convictions; (2) denying her motion to exclude evidence of her prior shoplifting convictions; (3) allowing her to be impeached through the use of prior shoplifting evidence; (4) admitting evidence by a court clerk; (5) denying her motion to suppress certain evidence; (6) denying her motions for a mistrial and new trial; and (7) denying her motions to set aside the verdict

and enter a judgment of acquittal. Following a review of the parties' arguments, the record of the proceedings below, and the pertinent authorities, we affirm the decision of the Circuit Court of Harrison County.

## I.

### FACTUAL BACKGROUND

On November 26, 1995, Ms. Morris was in the J.C. Penney store at the Meadowbrook Mall.[1] Ms. Morris was at the store with her daughter and three friends. A store employee, Robert Waybright, observed Ms. Morris remove a white sweatshirt from a rack, kneel on the floor and place the sweatshirt into a bag. Ms. Morris moved through the store with the sweatshirt concealed and approached another store employee, Eric Smith. Ms. Morris began questioning Mr. Smith about store hours. Mr. Smith testified that Ms. Morris then began yelling and cursing at him. She further accused him of watching her.[2] Ms. Morris turned from Mr. Smith and left the store with the sweatshirt concealed in her bag. Mr. Smith followed Ms. Morris out of the store and once outside the store, Mr. Smith informed her of his suspicions. After a heated verbal altercation by Ms. Morris, Mr. Smith convinced Ms. Morris to return inside the store. Upon returning to the store, another shouting match ensued. Mr. Smith, who had been threatened by one of the individuals accompanying Ms. Morris, left the scene to call the police. As soon as Mr. Smith left, Ms. Morris dropped the white sweatshirt[3] and left the store. She went to another part of the Mall.

After placing a telephone call to local police, Mr. Smith found Mall security and located Ms. Morris and her companions. Another verbal confrontation ensued. Eventually, Sergeant C.E. Springer of the Bridgeport Police Department arrived. Sergeant Springer requested that Ms. Morris return

---

1. The Meadowbrook Mall is located in Harrison County, West Virginia.

2. Mr. Smith had initially become suspicious of Ms. Morris, and had alerted Mr. Waybright. Mr. Smith continued his observation of Ms. Morris.

3. Ms. Morris actually left two sweatshirts. However, she had been observed taking only one sweatshirt.

to the J.C. Penney store. Ms. Morris agreed. Based upon statements from the J.C. Penney employees, Sergeant Springer issued a shoplifting citation to Ms. Morris.[4]

A grand jury subsequently indicted Ms. Morris for the felony crime of third offense shoplifting.[5] After a two-day jury trial, Ms. Morris was convicted on September 24, 1996, of third offense shoplifting. On November 21, 1996, the trial court sentenced Ms. Morris to 1–10 years imprisonment. This appeal followed.

4. Sergeant Springer was unaware of Ms. Morris' two prior shoplifting convictions.

5. W.Va.Code § 61–3A–1 (1997) defines shoplifting as follows:

    (a) A person commits the offense of shoplifting if, with intent to appropriate merchandise without paying the merchant's stated price for the merchandise, such person, alone or in concert with another person, knowingly:

    (1) Conceals the merchandise upon his or her person or in another manner; or

    (2) Removes or causes the removal of merchandise from the mercantile establishment or beyond the last station for payment; or

    (3) Alters, transfers or removes any price marking affixed to the merchandise; or

    (4) Transfers the merchandise from one container to another; or

    (5) Causes the cash register or other sales recording device to reflect less than the merchant's stated price for the merchandise; or

    (6) Removes a shopping cart from the premises of the mercantile establishment.

    (b) A person also commits the offense of shoplifting if such person, alone or in concert with another person, knowingly and with intent obtains an exchange or refund or attempts to obtain an exchange or refund for merchandise which has not been purchased from the mercantile establishment.

W.Va.Code § 61–3A–3 (1997) contains the penalties for shoplifting:

    A person convicted of shoplifting shall be punished as follows:

    (a) First offense conviction.—Upon a first shoplifting conviction:

    (1) When the value of the merchandise is less than or equal to five hundred dollars, the person is guilty of a misdemeanor and shall be fined not more than two hundred fifty dollars.

    (2) When the value of the merchandise exceeds five hundred dollars, the person is guilty of a misdemeanor and shall be fined not less than one hundred dollars nor more than five hundred dollars, and such fine shall not be suspended, or the person shall be confined in jail not more than sixty days, or both.

## II.

## STANDARD OF REVIEW

The issues presented in this case concern objections by Ms. Morris to the admission of certain evidence by the trial court. It is a well established principle of law in West Virginia that "[r]ulings on the admissibility of evidence are largely within a trial court's sound discretion[.]" *State v. Louk,* 171 W.Va. 639, 643, 301 S.E.2d 596, 599 (1983). In syllabus point 6 of *State v. Kopa,* 173 W.Va. 43, 311 S.E.2d 412 (1983), this

    (b) Second offense conviction.—Upon a second shoplifting conviction:

    (1) When the value of the merchandise is less than or equal to five hundred dollars, the person is guilty of a misdemeanor and shall be fined not less than one hundred dollars nor more than five hundred dollars, and such fine shall not be suspended, or the person shall be confined in jail not more than six months or both.

    (2) When the value of the merchandise exceeds five hundred dollars, the person is guilty of a misdemeanor and shall be fined not less than five hundred dollars and shall be confined in jail for not less than six months nor more than one year.

    (c) Third offense conviction.—Upon a third or subsequent shoplifting conviction, regardless of the value of the merchandise, the person is guilty of a felony and shall be fined not less than five hundred dollars nor more than five thousand dollars, and shall be imprisoned in the penitentiary for not less than one year nor more than ten years. At least one year shall actually be spent in confinement and not subject to probation: Provided, That an order for home detention by the court pursuant to the provisions of article eleven-b, [§ 62–11 B–1 et seq.] chapter sixty-two of this code may be used as an alternative sentence to the incarceration required by this subsection.

    (d) Mandatory penalty.—In addition to the fines and imprisonment imposed by this section, in all cases of conviction for the offense of shoplifting, the court shall order the defendant to pay a penalty to the mercantile establishment involved in the amount of fifty dollars, or double the value of the merchandise involved, whichever is higher. The mercantile establishment shall be entitled to collect such mandatory penalty as in the case of a civil judgment. This penalty shall be in addition to the mercantile establishment's rights to recover the stolen merchandise.

    (e) In determining the number of prior shoplifting convictions for purposes of imposing punishment under this section, the court shall disregard all such convictions occurring more than seven years prior to the shoplifting offense in question.

Court held that "[t]he action of a trial court in admitting or excluding evidence in the exercise of its discretion will not be disturbed by the appellate court unless it appears that such action amounts to an abuse of discretion." *See* Syl. pt. 3, *State v. Oldaker*, 172 W.Va. 258, 304 S.E.2d 843 (1983); Syl. pt. 2, *State v. Rector*, 167 W.Va. 748, 280 S.E.2d 597 (1981); Syl. pt. 5, *Casto v. Martin*, 159 W.Va. 761, 230 S.E.2d 722 (1976); Syl. pt. 10, *State v. Huffman*, 141 W.Va. 55, 87 S.E.2d 541 (1955).

## III.

## DISCUSSION

### A. Prior Shoplifting Convictions

■ Ms. Morris has assigned as error three issues involving her prior shoplifting convictions. Ms. Morris asserts that the trial court committed error in (1) denying her motion to stipulate to prior shoplifting convictions; (2) denying her motion to exclude evidence of her prior shoplifting convictions; and (3) allowing her to be impeached through the use of prior shoplifting evidence. These issues are controlled by our recent decision in *State v. Hopkins*, 192 W.Va. 483, 453 S.E.2d 317 (1994) (Cleckley, J. dissenting).[6] We held in *Hopkins* that "[b]ecause evidence of the prior convictions [for shoplifting] is a necessary element of the ·crime charged, the evidence is admissible for jury purposes." *Id.* at 489, 453 S.E.2d at 323. Because *Hopkins* made clear that prior shoplifting convictions were elements of the crime of third offense shoplifting, the State must prove those elements to a jury.

6. Ms. Morris seeks to have this Court revisit and overrule *Hopkins*. The State opposes overruling *Hopkins* and asserts that under stare decisis this Court is bound to follow *Hopkins*. This Court observed in *Dailey v. Bechtel Corp.*, 157 W.Va. 1023, 1029, 207 S.E.2d 169, 173 (1974) that "[i]f the doctrine of stare decisis is to play any judicial role ... we cannot overrule a decision so recently rendered without any evidence of changing conditions or serious judicial error in interpretation." *Hopkins* was decided just four years ago.

7. Ms. Morris directs this Court's attention to a recent decision by the United States Supreme Court, *Old Chief v. United States*, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997). *Old*

*Hopkins* clearly articulated that the State is not obligated to stipulate to the prior shoplifting convictions. Therefore, the trial court did not abuse its discretion when it denied the motion to stipulate.[7] Also, it was not error to deny Ms. Morris' motion to exclude the evidence of her prior shoplifting convictions. In fact, *Hopkins* requires the State to prove the prior shoplifting convictions as an element of the offense upon which Ms. Morris was indicted. In *State v. Cozart*, 177 W.Va. 400, 402 n. 1, 352 S.E.2d 152, 153 n. 1 (1986) this Court discussed whether the State improperly admitted evidence of a defendant's two prior convictions for driving under the influence and concluded that "where a prior conviction is a necessary element of the current offense charged ... it is admissible for jury purposes[.]" *See State v. Barker*, 179 W.Va. 194, 199 n. 12, 366 S.E.2d 642, 647 n. 12 (1988). Finally, Ms. Morris' contention that she was improperly impeached, with prior shoplifting evidence, by the State during her testimony is without merit. As part of its proof, the State asked Ms. Morris if she had been convicted for shoplifting on two prior occasions. Ms. Morris admitted to the prior convictions. The trial court gave a limiting instruction to the jury wherein it cautioned the jury that the testimony was to be considered for the sole purpose of proving the prior offenses as an element of the third offense shoplifting. Ms. Morris' testimony was not evidence of the commission of the current shoplifting charge. This Court noted, in the context of cross examining a defendant regarding prior DUI convictions, that "[t]he defendant's credibility is not the issue.... The issue is whether the defendant was guilty of a third offense[.]"

*Chief* held it is reversible error not to allow a defendant to stipulate to being a felony-convict in a prosecution for firearms violation. The State correctly points out that *Old Chief* is inapplicable because of the nature of the proof required in *Old Chief*. In *Old Chief*, the government had to prove that the defendant was a felony-convict. It did not have to prove the nature or name of the felony. Thus, under those specific circumstances, *Old Chief* held that a stipulation, when offered, was preferable and less prejudicial. In the instant proceeding, *Hopkins* makes it is necessary to prove the name and nature of the relevant prior offenses as an element of third offense shoplifting.

*Cozart*, 177 W.Va. at 402 n. 1, 352 S.E.2d at 153 n. 1. Hence, we affirm the decision of the Circuit Court of Harrison County as our law clearly concludes that prior shoplifting convictions are an element of third offense shoplifting.

### B. Admitting Evidence By Court Clerk

■ Next, Ms. Morris argues that the trial court committed error by permitting Marion County Magistrate Court Clerk Cathy Gower to introduce evidence of Ms. Morris' second prior shoplifting conviction.[8] Ms. Gower testified regarding certified magistrate court documents. The documents clearly established that Ms. Morris had a prior conviction for shoplifting.[9] Over the hearsay objections of Ms. Morris, the trial court admitted the evidence under Rule 803 of the West Virginia Rules of Evidence as testimony of a public record.

■ Ms. Morris contends that the evidence by Ms. Gower should have been excluded under Rule 803(8)(B), which provides that matters observed by police officers and other law enforcement personnel contained in public records are inadmissible. Rule 803(8)(B) has no application to public records of a conviction.[10] This Court has held that the contents of a public record to be an exception to the hearsay rule. The contents are assumed to be trustworthy, unless the opponent establishes that the report is suffi-

ciently untrustworthy. *See Hess v. Arbogast*, 180 W.Va. 319, 376 S.E.2d 333 (1988). *See also* W.Va. R.Evid. Rule 902(4) (public record self-authenticated). "Official reports of ... court-ordered judgments and sentences kept in the court's files ... are included within this exception." Franklin D. Cleckley, *Handbook on Evidence*, § 8–3(B)(8)(c), pg. 233 (1994). In the instant proceeding, the public records complained of were clearly admissible under Rule 803(8)(A) as records, reports, statements or data setting forth the activities of the clerk's office. We find no error in permitting the introduction into evidence, through Ms. Gower of Ms. Morris' second prior shoplifting conviction.

### C. Denial of Motion to Suppress Evidence

■ Ms. Morris contends that the trial court committed error in denying her motion to suppress evidence of the contents of her purse because she was not given *Miranda* warnings prior to her purse being examined by Sergeant Springer.[11] This Court noted in syllabus point 1 of *State v. Preece*, 181 W.Va. 633, 383 S.E.2d 815 (1989), that *"Miranda* warnings are required whenever a suspect has been formally arrested or subjected to custodial interrogation, regardless of the nature or severity of the offense." The trial court determined that Ms. Morris was not in custody when she returned to the J.C. Pen-

---

**8.** The State also called Marion County Circuit Court Clerk Barbara Core to introduce evidence of Ms. Morris' prior shoplifting convictions. Ms. Morris did not assign as error nor brief any argument against Ms. Core's testimony.

**9.** Ms. Morris' brief incorrectly states that the records brought by Ms. Gower were not certified. Ms. Gower clearly testified that the records were certified by her as the clerk of the magistrate court.

**10.** Rule 803(8) provides:

The following *are not excluded* by the hearsay rule, even though the declarant is available as a witness:

\* \* \*

(8) Public Records and Reports. Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a

duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, or (C) in civil actions and proceedings and against the State in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

(Emphasis added).

**11.** Related to this issue Ms. Morris argues that Sergeant Springer's testimony concerning the contents of her purse should not been admitted because it was not disclosed prior to trial under Rule 16 of the West Virginia Rules of Criminal Procedure. This argument is without merit. Rule 16(a)(1)(A) concerns statements made by a defendant, not observations made by a police officer. Further, the trial court did exclude from evidence, pursuant to Rule 16, the actual statements made by Ms. Morris to Sergeant Springer, which she had requested but which the State had failed to provide to her.

ney store with Sergeant Springer. The trial court also concluded that the officer's questions regarding identification did not amount to interrogation within the meaning of *Miranda.* We agree.

■ The evidence is clear that Ms. Morris was asked by Sergeant Springer to accompany him back to the J.C. Penney store. She freely returned with him. While at the store, Sergeant Springer asked Ms. Morris for identification. Ms. Morris stated that she did not have any identification. When the officer commented that everyone carries some type of identification, Ms. Morris voluntarily invited the officer to look in her purse. While looking for identification, the officer found several empty plastic shopping bags with the names of various stores on them. Sergeant Springer's observations of the bags came as a result of Ms. Morris' invitation to him to examine the contents of her purse.

12. Ms. Morris' remaining assignments of error, the circuit court's denial of her motions for a mistrial, motion to set aside the verdict, to enter a judgment of acquittal and for a new trial, are without merit. The evidence in this case was sufficient for the jury to find beyond a reasonable doubt that Ms. Morris committed the crime of third offense shoplifting. *See* Syl. pt. 12, *State v. Huffman*, 141 W.Va. 55, 87 S.E.2d 541 (1955) ("In a criminal case a verdict of guilty which is without sufficient evidence to support it will be set aside by the appellate court").

1. In respectfully dissenting from the Court's decision in this case, I wish to clarify the apparent confusion amongst the bench and the bar of this State as to the propriety of a Justice-authored dissent to an Opinion of the Court rendered per curiam. Generally speaking, a per curiam decision denotes "an opinion of the whole court," Black's Law Dictionary 1136 (6th ed.1990) (defining "per curiam"), "in which the judges are all of one mind, and which is so clear that it is not considered necessary to elaborate it by an extended discussion," 21 C.J.S. *Courts* § 170, at 208 (1990) (footnote omitted). Despite this presumed unanimity of opinion, a Justice retains his/her underlying obligation to ensure "that justice is accomplished, and it is within [his/her] powers and duties ... to take proper action in order to enforce the law and to promote justice." 48A C.J.S. *Judges* § 59, at 642 (1981) (footnotes omitted). Accordingly, even though an Opinion of the Court may be delivered per curiam, it is proper for an individual Justice to dissent therefrom where he/she "explicit[ly] disagree[s] ... with the decision passed by the majority" of the Court in order to uphold his/her duty to accom-

In view of the circumstances surrounding this observation, Sergeant Springer's trial testimony regarding the bags was properly admitted.[12] *See Hopkins*, 192 W.Va. at 486–488, 453 S.E.2d at 320–322.

## IV.

## CONCLUSION

In view of the foregoing, we find no error. Therefore, we affirm the conviction and sentence.

Affirmed.

DAVIS, Chief Justice, dissenting:[1]

For the reasons so eloquently expressed by Justice Cleckley in his separate opinion in *State v. Hopkins*, 192 W.Va. 483, 453 S.E.2d 317 (1994) (Cleckley, J., concurring, in part, and dissenting), I respectfully dissent.

plish justice. Black's Law Dictionary 472 (defining "dissent"). This conclusion is consistent both with the practice of the United States Supreme Court and the trend of the Justices of this Court. *See, e.g., Whitaker v. Superior Court of California, San Francisco County*, 514 U.S. 208, 115 S.Ct. 1446, 131 L.Ed.2d 324 (1995) (per curiam) (Stevens, J., dissenting); *Ticor Title Ins. Co. v. Brown*, 511 U.S. 117, 114 S.Ct. 1359, 128 L.Ed.2d 33 (1994) (per curiam) (O'Connor, J., Rehnquist, C.J., and Kennedy, J., dissenting); *Barnhart v. Redd* 196 W.Va. 142, 469 S.E.2d 1 (1996) (per curiam) (McHugh, C.J., and Cleckley, J., dissenting); *State v. Hottinger*, 194 W.Va. 716, 461 S.E.2d 462 (1995) (per curiam) (Cleckley, J., concurring, in part, and dissenting, in part). *Cf. Rhodes v. Stewart*, 488 U.S. 1, 5, 109 S.Ct. 202, 204, 102 L.Ed.2d 1, 6–7 (1988) (per curiam) (Marshall, J., dissenting) ("[T]he practice of summary disposition demonstrates insufficient respect ... for our own dissenting colleagues on this Court."); *Montana v. Hall*, 481 U.S. 400, 409, 107 S.Ct. 1825, 1830, 95 L.Ed.2d 354, 363 (1987) (per curiam) (Marshall, J., dissenting) ("[S]ummary dispositions in many instances display insufficient respect for the views of dissenting colleagues on *this* Court.... 'Per curiam' is a Latin phrase meaning '[b]y the court,' which should distinguish an opinion of the *whole* Court from an opinion written by any one Justice. Our use of a ... *per curiam* opinion, over the dissent of [members of the Court,] ... to resolve the merits of a case ... is wrong. Such an opinion does not speak for the entire Court on a matter so clear that the Court can and should speak with one voice. Instead, it speaks for a majority of Justices who take it upon themselves to resolve the merits of a dispute...." (footnote omitted)).

**510**

STARCHER, Justice, dissenting:

In *State v. Hopkins,* 192 W.Va. 483, 453 S.E.2d 317 (1994), this Court held that prior shoplifting convictions are elements of the crime of third-offense shoplifting, and are therefore admissible before the jury. I am in full agreement with Justice Cleckley when he said, in his dissent to *Hopkins,* "I think this case is wrong." 192 W.Va. at 495, 453 S.E.2d at 329 (Cleckley, J., concurring in part and dissenting in part). The majority opinion, in following *Hopkins,* is also wrong in the present case.

The majority opinion in this case and in *Hopkins* simply ignores Rule 404(b) of the *West Virginia Rules of Evidence.*[1] It is undeniable that a jury will be more inclined to convict once they hear that a defendant has previously been convicted of similar conduct. Rule 404(b) was designed to keep such evidence of other crimes away from a jury, thus focusing the jury on the proper question: did the defendant commit the crime with which he is currently charged? Whether a defendant was previously convicted of similar conduct goes to the defendant's penalty; this evidence should not be admissible to show that "if he did it before, he must have done it this time."

As Justice Cleckley cogently stated in *Hopkins,* "prior convictions are not elements of the current charge; they are elements of penalty enhancement." *Hopkins,* 192 W.Va. at 496, 453 S.E.2d at 330. Therefore, the trial in second- or third-offense shoplifting cases should be bifurcated, and evidence of prior convictions should only be admitted into evidence if and after guilt has been found on the underlying offense.

In footnote 1, the majority opinion suggests that because *Hopkins* was "decided just four years ago," this Court is bound by *stare decisis* and cannot revisit and overrule *Hopkins.* The binding effect of a judicial opinion on future generations should not be based on the number of years that have passed since the opinion was issued by a Court, but rather should be found in the

strength of the Court's reasoning in the opinion, and the fairness of its result.

Because *Hopkins* reached an unfair result, and because its holding was "a torture of sound legal reasoning," *Id.,* I would overrule that opinion and grant the defendant in this case a new trial. I am confident that the unfair approach adhered to in *Hopkins* cannot stand continued scrutiny. I therefore urge the bar to continue to present similar bifurcation issues to this Court, so that we will have ample occasion to consider the issue and examine its fundamental unfairness.

I therefore respectfully dissent.

----

1. Rule 404(b) was similarly given short shrift in *State v. Cozart,* 177 W.Va. 400, 352 S.E.2d 152 (1986). In footnote 1 of *Cozart,* this Court held that previous convictions of driving under the influence of alcohol are admissible to show the defendant is currently guilty of a third offense of driving under the influence of alcohol.