531 S.E.2d 64

**STATE of West Virginia, Appellee,**

v.

**James A. FOX, Appellant.**

**No. 25171.**

Supreme Court of Appeals of West Virginia.

Submitted Oct. 7, 1998.

Decided Nov. 23, 1998.

Dissenting Opinion of Justice Starcher Dec. 22, 1998.

Darrell V. McGraw, Jr., Esq., Attorney General, Rory L. Perry, Esq., Assistant Attorney General, Charleston, West Virginia, Attorneys for the Appellee.

Drema D. Sinkkanen, Esq., Public Defender Corporation, Clarksburg, West Virginia, Attorney for the Appellant.

PER CURIAM:

This case is before this Court upon appeal of a final order of the Circuit Court of Harrison County entered on October 9, 1997. The appellant, James A. Fox, was convicted by a jury of third offense driving under the influence [hereinafter "DUI"]. In this appeal, the appellant contends that the circuit court erred by refusing to bifurcate the issue of guilt on this offense from the issue of whether he had previously been convicted of DUI. Essentially, the appellant argues that prior DUI convictions are not elements of third offense DUI and should only be considered for sentencing enhancement purposes.

This Court has before it the petition for appeal, all matters of record, and the briefs and argument of counsel. For the reasons set forth below, we affirm the appellant's conviction.

I.

On July 27, 1996, the appellant was arrested and charged with DUI after he was ob-

served by two police officers driving the wrong way down a one-way street in Clarksburg, West Virginia. According to the police officers, the appellant failed a series of field sobriety tests and refused to submit to a secondary chemical test at the police station. A background check of the appellant revealed two prior DUI convictions.

Subsequently, the appellant was indicted on one count of third offense DUI. Prior to trial, the appellant moved to bifurcate the issue of his guilt on this offense from the issue of whether he had previously been convicted of DUI. The motion was denied, but the circuit court did permit a written stipulation concerning the two prior convictions to be read to the jury in lieu of testimonial evidence sought to be admitted by the State. Following a one day jury trial on April 14, 1997, the appellant was convicted of third offense DUI.

## II.

■ We have previously held that where the issue on appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review. *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 140, 459 S.E.2d 415, 417 (1995). However, "[r]ulings on the admissibility of evidence are largely within a trial court's sound discretion[.]" *State v. Louk*, 171 W.Va. 639, 643, 301 S.E.2d 596, 599 (1983). Accordingly, "[t]he action of a trial court in admitting or excluding evidence in the exercise of its discretion will not be disturbed by the appellate court unless it appears that such action amounts to an abuse of discretion." Syllabus Point 6, *State v. Kopa*, 173 W.Va. 43, 311 S.E.2d 412 (1983). *See also* Syllabus Point 2, *State v. Perolis*, 183 W.Va. 686, 398 S.E.2d 512 (1990); Syllabus Point 4, *State v. Brown*, 177 W.Va. 633, 355 S.E.2d 614 (1987).

■ In this case, the appellant argues that evidence of his prior DUI convictions should

have only been utilized during sentencing and should not have been admitted at trial. In other words, the appellant asserts that the finding of a prior conviction or lack thereof, is not an element of third offense DUI. He contends that W.Va.Code § 17C–5–2(k) (1996)[1] simply provides the trial judge with standards to use when determining which sentence to impose upon the defendant.

■ Once again, we are asked to overrule our decision in *State v. Hopkins*, 192 W.Va. 483, 453 S.E.2d 317 (1994), regarding the admissibility of prior convictions that are elements of the offense charged. Recently, we reaffirmed our holding in *Hopkins* and again stated that " '[b]ecause evidence of the prior convictions ... is a necessary element of the crime charged, the evidence is admissible for jury purposes.' [*Hopkins*, 192 W.Va. at 489], 453 S.E.2d at 323." *State v. Morris*, 203 W.Va. 504, 507, 509 S.E.2d 327, 330 (1998),

In *Hopkins*, the appellant, who had been convicted of the third offense shoplifting, argued that the circuit court improperly failed to sever evidence of his previous shoplifting convictions. Like third offense DUI, third offense shoplifting is predicated upon two prior convictions of the same offense. *See* W.Va.Code § 61–3A–3 (1994). In affirming Mr. Hopkins' conviction, we explained that " '[o]bviously, where a prior conviction is a necessary element of the current offense charged or is utilized to enhance the penalty after a jury finding that the defendant had committed such prior offense, it is admissible for jury purposes[.]' " *Hopkins*, 192 W.Va. at 489, 453 S.E.2d at 323 (1994) (*quoting State v. Cozart*, 177 W.Va. 400, 402 n. 1, 352 S.E.2d 152, 153 n. 1 (1986) (regarding whether the State improperly admitted evidence of a defendant's two prior DUI convictions)).

Clearly, *Hopkins* requires the State to prove the appellant's prior DUI convictions as an element of third offense DUI. The State's agreement to stipulate to the prior convictions does not take that evidence out of

1. W.Va.Code § 17C–5–2(k), the third offense DUI provision, states:

A person violating any provision of subsection (b), (c), (d), (e), (f), (g), or (i) of this section shall, for the third or any subsequent offense under this section, be guilty of a felony, and,

upon conviction thereof, shall be imprisoned in the penitentiary for not less than one nor more than three years, and the court may, in its discretion, impose a fine of not less than three thousand dollars nor more than five thousand dollars.

the purview of the jury. Regardless of whether evidence of prior convictions is presented by stipulation or during trial, the jury must be allowed to consider the evidence to determine whether the accused is guilty of third offense DUI.[2] Therefore, the circuit court did not err by denying the appellant's motion to bifurcate.

For the reasons set forth above, the final order of the Circuit Court of Harrison County entered on October 9, 1997, is affirmed.

Affirmed.

Chief Justice DAVIS dissents.

STARCHER, Justice, dissenting:

(Filed Dec. 22, 1998)

As I stated in my dissent to *State v. Morris*, 203 W.Va. 504, 509 S.E.2d 327 (1998) (*per curiam*), I am in full agreement with Justice Cleckley's assessment of *State v. Hopkins*, 192 W.Va. 483, 453 S.E.2d 317 (1994). Justice Cleckley, in his dissent to *Hopkins*, said bluntly: "I think this case is wrong." 192 W.Va. at 495, 453 S.E.2d at 329 (Cleckley, J., concurring in part and dissenting in part). The majority opinion, in following *Hopkins*, is also wrong in the present case.

It is undeniable that a jury will be more inclined to convict once they hear that a defendant has previously been convicted of similar conduct. Rule 404(b) of the *West Virginia Rules of Evidence* was designed to keep such fundamentally unfair evidence of other crimes away from the jury, allowing the jury to focus on the proper question: did the defendant commit the crime with which he is currently charged?

Whether a defendant was previously convicted of similar conduct is relevant to the defendant's penalty, not the defendant's guilt of a particular criminal act on a particular day. Therefore, when an accused is charged with a second-, third-, or subsequent-offense crime, then the evidence of prior convictions should be bifurcated, and presented to the jury only after the accused is found guilty of the underlying charged crime.

**2.** The appellant's reliance upon *Old Chief v. United States*, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997), is misplaced for the same reasons we articulated in *Morris*. It is necessary

Because *Hopkins* reached an unfair result, and because its holding was "a torture of sound legal reasoning," 192 W.Va. at 496, 453 S.E.2d at 330, I would overrule that opinion and grant the defendant in this case a new trial. As I stated in my dissent to *State v. Morris, supra*, I am confident that the unfair approach adhered to in *Hopkins* cannot stand continued scrutiny. I therefore urge the bar to continue to present similar bifurcation issues to this Court, so that we will have ample occasion to consider the issue and examine all of its unfair aspects.

I therefore respectfully dissent.

to prove the name and nature of the prior offense as an element of third offense DUI. *See Morris*, 203 W.Va. at 507 n. 7, 509 S.E.2d at 330 n. 7.