# In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 03-1524

JERRY MONTGOMERY,

*Petitioner-Appellant,*

v.

CECIL DAVIS,

*Respondent-Appellee.*

_____

**Appeal from the United States District Court**
**for the Northern District of Indiana, South Bend Division.**
No. 3:02cv0430—**Allen Sharp**, *Judge.*

_____

No. 03-2937

LARRIANTE J. SUMBRY,

*Petitioner-Appellant,*

v.

CECIL DAVIS,

*Respondent-Appellee.*

_____

**Appeal from the United States District Court**
**for the Northern District of Indiana, South Bend Division.**
No. 3:03cv189—**Allen Sharp**, *Judge.*

_____

SUBMITTED OCTOBER 7, 2003—DECIDED MARCH 30, 2004

_____

Before POSNER, EASTERBROOK, and ROVNER, *Circuit Judges.*

PER CURIAM. Jerry Montgomery and Larriante Sumbry have long histories of filing frivolous lawsuits in this circuit. For this reason we have sanctioned both: in April 2000 we fined Montgomery $500 and blocked future filings in accordance with *Alexander v. United States*, 121 F.3d 312 (7th Cir. 1997), and Sumbry has both struck out under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), and been barred from filing civil suits until he pays all outstanding fees and sanctions, *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995) (per curiam). *See Montgomery v. Anderson*, No. 00-1843 (7th Cir. Apr. 13, 2000); *In re Sumbry*, No. 02-2565 (7th Cir. Aug. 1, 2002). At issue now is whether additional sanctions are necessary.

These appeals represent a growing trend in abusive filings: state prisoners who are restricted filers using habeas corpus petitions to challenge noncustodial state actions. The issue is not the difficulty of the cases. As shown by Montgomery's and Sumbry's petitions, they are frivolous, often profoundly so. Rather, the problem is that these prisoners waste time, copious amounts of it, repeatedly filing petitions that they know, or should know because they have been told, are futile. On the appellate level, these prisoners automatically receive briefing and review by a three-judge panel because the screening provision of § 2253(c) does not apply. *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000) (prisoners appealing the denial of § 2254 petitions challenging decisions other than those made during state criminal proceedings do not need a certificate of appealability to appeal). And although Rule 4 of the rules governing collateral attacks provides district court judges the means to summarily dispose of these cases, judges still must squander precious time wading through the morass of often intentionally obscure pleadings, analyzing the claims, and committing to paper the reason for denying the purported petition.

The sanctions currently available to the court do not address the problem of abusive habeas corpus petitions because none restricts § 2254 actions. The PLRA applies only to actions filed under 42 U.S.C. § 1983, *Martin v. United States*, 96 F.3d 853 (7th Cir. 1996); *Mack* explicitly exempts criminal cases and petitions challenging the fact or duration of confinement from the filing bar, *Mack*, 45 F.3d at 186; and *Alexander* announces a modified *Mack* bar targeting abusive § 2244(b)(3) applications, *Alexander*, 121 F.3d at 315. Again, Sumbry and Montgomery demonstrate the inadequacy of our current sanctions regime to contain prisoners determined to abuse judicial process: in the four years since we sanctioned Montgomery, he has filed seven habeas corpus petitions and eight different appeals; even more striking, in the one and a half years since we sanctioned Sumbry, he has filed nine new petitions (two since we ordered him to show cause in this case), one civil rights action the district court immediately dismissed, numerous unauthorized successive petitions masquerading as Rule 60(b) motions in previously denied petitions, and 13 actions in this court.

This must stop. "Every paper filed . . . no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989). Although *McDonald* refers to the Supreme Court's responsibility to protect its own resources, the principle applies equally to us. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991) (A federal court's inherent powers include "the ability to fashion an appropriate sanction for conduct which abuses the judicial process.").

Accordingly, Montgomery and Sumbry are fined $500 each and, until they pay all outstanding fees and sanctions, clerks of all federal courts within this circuit must return

unfiled any papers submitted by Montgomery or Sumbry in any habeas corpus action unless the petition attacks a state court imposed criminal judgment. *See Whitaker v. Super. Ct. of Cal., San Francisco County*, 514 U.S. 208 (1995) (instructing clerk not to accept Whitaker's certiorari petitions in noncriminal matters unless he pays the docketing fee); *In re Anderson*, 511 U.S. 364 (1994) (instructing clerk not to accept Anderson's petitions for extraordinary writs unless he pays docketing fee). Because both Montgomery and Sumbry have received federal habeas corpus review of their current convictions, they are effectively barred from filing any civil action in the district courts until they settle their debts to the federal judicial system.

We add for the sake of clarity that the prior orders sanctioning Montgomery and Sumbry remain in effect as written; this order does not abrogate any previously imposed sanctions. Additionally, the filing bar imposed by this order applies to any post-judgment motions Montgomery or Sumbry might try to file in any existing case. Finally, because this court disapproves of perpetual orders, *Mack*, 45 F.3d at 186, Montgomery and Sumbry may seek modification or rescission of this order, but not before two years have passed.

A true Copy:

    Teste:

                           _____

*Clerk of the United States Court of Appeals for the Seventh Circuit*