NO. 07-04-0091-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 16, 2004

_____

ELOY CARL CRUZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 45,632-A; HONORABLE RICHARD DAMBOLD, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty,[1] appellant Eloy Carl Cruz was convicted by a jury of

possession of marijuana, and the trial court assessed a sentence of one year confinement

_____

[1]Appellant testified that although the marijuana on his person was his, he denied having possession of the marijuana found in the sofa.

in a state jail facility. In presenting this appeal, counsel has filed an *Anders*[2] brief in support of a motion to withdraw. We affirm and grant the motion to withdraw.

In support of his motion to withdraw, counsel certifies that he has diligently reviewed the record and, in his opinion, it reflects no reversible error or grounds upon which an appeal can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In the brief accompanying the motion to withdraw, counsel reviews the indictment, pretrial proceedings, voir dire, evidence introduced at trial, arguments, jury charge, objections made by trial counsel during the underlying proceedings, the punishment hearing, sentencing, and the effectiveness of appellant's trial counsel. He then concludes the appeal is frivolous and without merit. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel discusses why, under the controlling authorities, there is no error in the court's judgment. Counsel also shows that he has sent a copy of the brief to appellant, and informed appellant that, in his view, the appeal is without merit. In addition, counsel demonstrates that he notified appellant of his right to review the record and file a *pro se* response if he desired to do so. Appellant has not availed himself of that opportunity. Neither has the State favored us with a brief.

By his brief, counsel contends "an issue that needs to be addressed is whether the Defense should have objected to the State's comments while questioning Appellant in

_____

[2]*See* Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

regard to his prior conviction for a Class A misdemeanor possession of marijuana."[3] According to counsel, appellant's trial counsel could have voiced a legitimate objection to the State's impeachment of appellant by that evidence. *See* Tex. R. Evid. 609(a) (providing that evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record but only if the crime was a felony or involved moral turpitude). Counsel concludes, however, that: (1) trial counsel may have had a sound trial strategy for not objecting; and (2) the evidence of appellant's guilt independent of that deficiency "was conclusive of the offense charged." Counsel appears to suggest that appellant would be unable to prevail upon an ineffective assistance of counsel claim on the basis of trial counsel's failure to object. We agree.

A claim of ineffective assistance of counsel is reviewed under the standard set out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under that standard, a defendant must establish that: (1) counsel's performance was deficient because it fell below an objective standard of reasonableness; and (2) a reasonable probability sufficient to undermine confidence in the outcome existed that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Rylander v. State, 101 S.W.3d 107, 110 (Tex.Cr.App. 2003 ). Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. Garcia v. State, 887 S.W.2d 862, 880 (Tex.Cr.App. 1994), *cert. denied*, 514 U.S. 1021, 115 S. Ct.

---

[3]The record reveals that appellant was charged with a felony, but was convicted of a lesser included misdemeanor possession offense.

1368, 131 L.Ed.2d 223 (1995). Any allegation of ineffective assistance of counsel must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. Thompson v. State, 9 S.W.3d 808, 813 (Tex.Cr.App. 1999). Generally, the record on direct appeal will not be sufficient to show that counsel's conduct was so deficient as to meet the first prong of the *Strickland* standard as the reasonableness of counsel's choices often involves facts that do not appear in the record. *See* Mitchell v. State, 68 S.W.3d 640, 642 (Tex.Cr.App. 2002). Instead, an application for a post-conviction writ of habeas corpus is usually the appropriate manner in which to raise and develop claims based on ineffective assistance of counsel. *Id*.

Here, it is possible, as counsel suggests, that the lack of an objection by trial counsel to the admission of the evidence of appellant's misdemeanor conviction, is consistent with a theory of the case that "although [appellant] was a marijuana user, all the marijuana found on the date in question should not be charged to him" and that "as he has admitted to wrongs in the past, he would do the same now if <u>one had occurred</u>." (Emphasis in original). In any event, the record is insufficient to establish whether trial counsel's conduct was so deficient as to meet the first prong of the *Strickland* standard. Furthermore, because there was overwhelming evidence of appellant's guilt independent of trial counsel's failure to object, we cannot, on this record, presume appellant would prevail on the second prong of that test either.

We have also made an independent examination of the entire record to determine whether there are any other arguable grounds which might support this appeal. *See* Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). We have found no non-frivolous issues and agree with counsel that the appeal is without merit. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974).

Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.