**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 10, 2011[*]
Decided March 16, 2011

*By The Court:*

No. 10-3560

| | |
|---|---|
| JEFF STRONG, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Central District of Illinois. |
| | |
| *v.* | No. 10-1187 |
| | |
| WILLIAM K. SUTER, | Michael M. Mihm, |
| *Defendant-Appellee.* | *Judge.* |

### O R D E R

Jeff Strong has filed over 20 frivolous lawsuits in the district courts of this circuit against government agencies and employees. We have twice warned him that further frivolous lawsuits would risk fines and possibly a litigation bar. See *Strong v. Ill. Vocational Rehabilitation Program*, No. 03-3841 (7th Cir. Apr. 1, 2004); *Strong v. Baker*, No. 03-3920 (7th Cir. May 12, 2004). He has flouted our warnings. We thus order Strong to show cause why sanctions should not be imposed.

In this action Strong sues William Suter, the Clerk of the Supreme Court of the United States. The Court had denied Strong's application for leave to proceed in forma pauperis and dismissed his petition for a writ of certiorari from our order in *Strong v. Ill. Dept. of Human Servs.*, 299 F. App'x 577 (7th Cir. Nov. 13, 2008), which summarily affirmed the dismissal of a

---

[*] The appellee was not served with process in the district court and is not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2).

prior lawsuit.  Strong attributes the denial of his IFP application to nepotism by Suter.  After the district court dismissed the complaint for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure, Strong filed a motion to vacate, see Fed. R. Civ. P. 60(b), which the court denied as well.

Strong's appeal from the denial of his motion to vacate is frivolous.  Since we issued our warnings in 2004, Strong has proceeded to file eight more frivolous complaints and three more frivolous appeals, not counting this litigation.  See *Strong v. United States*, No. 2:04-cv-02112 (C.D. Ill. Jun. 16, 2004); *Strong v. United States*, No. 1:04-cv-01188 (C.D. Ill. Jun. 30, 2004); *Strong v. Mills*, No. 2:04-cv-02158 (C.D. Ill. Aug. 20, 2004);  *Strong v. Mills*, No. 3:04-cv-00597 (S.D. Ill. Oct. 28, 2004); *Strong v. Ill. Dep't of Human Servs.*, No. 2:06-cv-02010 (C.D. Ill. Mar. 28, 2006); *Strong v. Old Statehouse Hospitality*, No. 3:05-cv-00337 (S.D. Ill. Oct. 26, 2006); *Strong v. Ill. Dep't of Human Servs.*, No. 2:07-cv-02242 (C.D. Ill. Jan. 7, 2008); *Strong v. Ill. Dep't of Human Servs.*, No. 3:08-cv-00017 (S.D. Ill. Feb. 20, 2008); see also *Strong v. Ill. Dep't of Human Servs.*, No. 06-4148 (7th Cir. Dec. 22, 2006); *Strong v. Old Statehouse Hospitality*, No. 06-4320 (7th Cir. Mar. 12, 2007); *Strong v. Ill. Dep't of Human Servs.*, 299 Fed. App'x 577 (7th Cir. Nov. 13, 2008). Although a district court already has fined him $500, see *Strong v. Ill. Dep't of Human Servs.*, No. 2:06-cv-02010 (C.D. Ill. Mar. 28, 2006), Strong paid that fine and, that very day, filed another frivolous action. See *Strong v. Ill. Dep't of Human Servs.*, No. 2:07-cv-02242 (C.D. Ill. Jan. 7, 2008). Most of Strong's lawsuits stem from his allegation that, after he suffered a brain injury in 1988, the Illinois Department of Human Services provided him insufficient assistance in obtaining gainful employment.  The saga must end.  "Every paper filed . . . no matter how repetitious or frivolous, requires some portion of the institution's limited resources." *Montgomery v. Davis*, 362 F.3d 956, 957 (7th Cir. 2004).

The judgment is AFFIRMED, and Strong is ORDERED to show cause within 14 days why he should not be fined up to $2,000.00 for pursuing this frivolous appeal. See Fed. R. App. P. 38.  Failure to respond will result in imposition of a sanction under Rule 38.