NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 14, 2013
Decided November 15, 2013

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 13-2011

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Respondent,* | Court for the Central District of Illinois. |
| | |
| *v.* | No. 98-CR-10046 |
| | |
| BYRON J. MILLER, | Michael M. Mihm, |
| *Defendant-Movant.* | *Judge.* |

**O R D E R**

Byron Miller was caught with heroin at the federal prison in Pekin, Illinois, where he was serving a lengthy sentence for drug crimes involving crack cocaine. The heroin possession led to additional convictions—and 210 more months in prison—for possession of a controlled substance with intent to distribute, 21 U.S.C. § 841(a)(1), and possession of contraband by an inmate, 18 U.S.C. § 1791(a)(2). That was in 1998. Since then we have affirmed Miller's convictions on direct appeal, *United States v. Miller*, 199 F.3d 416 (7th Cir. 1999); declined to grant a certificate of appealability when he challenged those convictions in a first motion to vacate under 28 U.S.C. § 2255, *see Miller v. United States*, No. 00-1420 (C.D. Ill.), *appeal dismissed*, No. 01-3235 (7th Cir. Nov. 14, 2001); denied two applications for leave to file a second or successive § 2255 motion,

*Miller v. United States*, No. 04-3057 (7th Cir. Aug. 16, 2004); *Miller v. United States*, No. 04-1221 (7th Cir. Feb. 9, 2004); and refused to grant a certificate of appealability after Miller tried to appeal the dismissal of a successive § 2255 motion that he filed without our permission, *Miller v. United States*, No. 06-2210 (7th Cir. Aug. 3, 2006). Altogether, before this year, Miller had filed five § 2255 motions challenging his 1998 convictions; he mislabeled the last four, and the district court suspected that he did so deliberately to avoid the bar against second or successive motions. *See Miller v. United States*, No. 00-1420, 2006 WL 898143, at *2 (C.D. Ill. Apr. 5, 2006).

Miller has now filed yet another § 2255 motion challenging his 1998 convictions. This one is captioned as a "Motion for Reconsideration of Judgment/Order Based on a Sentence Reduction Pursuant to a Modification of Sentence." In this latest submission Miller argues that the district court should reconsider its application of the career-offender guideline to his 1998 convictions. *See* U.S.S.G. § 4B1.1. (Miller's sentence for his crack offenses was reduced based on a retroactive amendment to the sentencing guidelines, *see* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10, and he frivolously asserts that the sentence reduction undermines the consecutive punishment he received as a career offender for the additional crimes he committed in prison.) The district court looked past the label and recognized Miller's filing to be a § 2255 motion, *see Narvaez v. United States*, 674 F.3d 621, 627–30 (7th Cir. 2011), and thus dismissed it for lack of subject-matter jurisdiction.

Miller filed a notice of appeal. In that document he also asked for a certificate of appealability, which is necessary to proceed with this appeal. *See* 28 U.S.C. § 2253(c)(1)(B). The district court did not issue a certificate, and before we could evaluate his application, Miller filed a brief. That brief not only discusses the claim made in his latest motion but also adds others, including one based on *Alleyne v. United States*, 133 S. Ct. 2151 (2013), and several more claims that Miller previously asserted in his unauthorized § 2255 motions. What his brief omits is any suggestion that the district court has misread his "Motion for Reconsideration" as another in a string of successive § 2255 motions. The government has filed a response brief instead of, as would be the norm, asking to be excused from responding given the absence of a certificate of appealability.

We have reviewed the district court's decision and the appellate record, and we conclude that Miller has not made a substantial showing of the denial of a constitutional right. We thus **DENY** his application for a certificate of appealability and **DISMISS** this appeal. *See* 28 U.S.C. § 2253(c)(2); *United States v. Carraway*, 478 F.3d 845, 849 (7th Cir.

2007). In addition, to the extent that Miller's appellate brief might be construed as an application to file a second or successive § 2255 motion premised on *Alleyne*, we **DENY** that application, since the Supreme Court has not made *Alleyne* retroactive to cases on collateral review. *See Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013). Miller has been warned by the district court that he faces monetary sanctions if he persists in filing unauthorized, successive § 2255 motions; we add our own warning that a restriction on future filings is also likely if Miller continues on the same path. *See Montgomery v. Davis*, 362 F.3d 956, 957 (7th Cir. 2004); *Alexander v. United States*, 121 F.3d 312, 315–16 (7th Cir. 1997).