**Larriante SUMBRY, Appellant–Petitioner,**

**v.**

**In the Matter of MISC. DOCKET SHEET FOR the YEAR 2003, Appellee–Respondent.**

No. 45A04–0402–CV–98.

Court of Appeals of Indiana.

July 7, 2004.

Larriante Sumbry, Michigan City, IN, Appellant pro se.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Petitioner, Larriante Jalapeno Sumbry (Sumbry), appeals the trial court's rejection of his attempt to file a Petition for Writ of Habeas Corpus.

We affirm.

### ISSUE

We restate the contentions Sumbry raises on appeal as whether the trial court abused its discretion in rejecting his effort to file a Petition for Writ of Habeas Corpus.

### FACTS AND PROCEDURAL HISTORY

The hodge-podge of information delivered to us by Sumbry is so incomprehensible that it is difficult to know where to begin. It includes motions filed by Sumbry, correspondence with various attorneys and legal organizations, as well as trial court orders from multiple causes of action in apparently random order.[1]

We derive the best description of the nature of this case from an Order of the judge of the Lake Superior Court, Civil Division, issued on September 22, 2003, in response to Sumbry's Petition for Leave to File and Proceed as an Indigent. In its Order, the trial court first notes that the instant litigation originates from Sumbry's convictions and sentencings pursuant to plea agreements entered into in November of 1998 in cases identified by Cause No. 45G03–9605–CF–84 and Cause No. 45G03–9605–CF–90. Since that time, Sumbry's direct appeals and post-conviction petitions regarding his convictions for these 1996– arrests have been resolved against him.

Nevertheless, in April of 2001, Sumbry filed a civil lawsuit in the Lake Superior Court, Civil Division, against the judges and magistrates who presided in his criminal cases, his public defender, the Lake County prosecutor and deputy prosecutor who prosecuted his cases, and other officials and employees of Lake County. All of those claims were dismissed by June 24, 2002. However, since that time, Sumbry has been allowed to file nine additional lawsuits as an indigent plaintiff.

The trial court continues by addressing the instant litigation in its Order as follows:

> there are no respondents and, as a result, no appellees, a fact underscored by the State Attorney General's filing of its Notice of Non–Involvement of the Indiana Attorney General.

---

1. From what we can discern, at issue would appear to be the trial court's rejection of Sumbry's attempt to file a Petition for Writ of Habeas Corpus. Because the trial court declined to permit Sumbry to file his petition,

In the Complaint [Sumbry] has now submitted for filing *in forma pauperis* to the Clerk of this [c]ourt, [Sumbry] has named as Defendants, Cecil Davis, the Governor, Attorney General, Gary Police Department, Lake County Police Department, Lake County Prosecutor's Office, City of Hammond Law Department, Lake County Public Defenders' Office, Lake County Probation Office, Public Defender of Indiana, Lake County Judges, Lake County Clerk's Office, and Lake County Magistrates. [Sumbry] requests a Writ of Habeas Corpus be issued alleging, in conclusory fashion, that he is illegally imprisoned because of technical and procedural deficiencies in the previous arrests which led to convictions previously referred above and upon which he is currently serving his sentence.

The course of all this litigation undertaken by [Sumbry] evidences his proclivity to file suit against those in the judicial system and government, including prosecutors, defenders and court staff, who had previously been involved in his cases. The convictions under which he is now serving time have been resolved against [Sumbry] as have his appeals and post-conviction relief petitions. The Chronological Case Summaries [CCS] for these cases also demonstrate that [Sumbry] exhibits a pattern of filing many motions and papers in the course of these proceedings, and many of which are repetitive, and that he has disregarded prior [c]ourt Orders to refrain from so doing. His actions in those cases, wherein his claims were found to be without merit, have obviously taken substantial time (and continue to take time) for review and action by the Judges assigned to his cases.

(Order of the Judge of the Lake Superior Court, Civil Division, Room 2, dated September 22, 2003, pp. 2–3).

The trial court proceeds in its Order to compare the instant litigation with the litigation at issue in our opinion in *Parks v. State*, 789 N.E.2d 40 (Ind.Ct.App.2003), *trans. denied*, where we applied the screening mechanism used in the federal court system to forestall such frivolous lawsuits. The trial court concludes: "[a]s in *Parks*, [Sumbry's] 'propensity towards endless litigation warrants the unusual step of establishing a screening mechanism to forestall frivolous lawsuits.'" (Order of the Judge of the Lake Superior Court, Civil Division, Room 2, dated September 22, 2003, p. 5, quoting *Parks*, 789 N.E.2d at 49).

Accordingly, the trial court denied Sumbry's request to file the suit *in forma pauperis* and, instead, directed him to "file within thirty (30) days of this Order a legal brief, complete with competent legal argument and citation to authority, explaining to the court the legal basis for the claims asserted in the proposed complaint, and demonstrating that the claims are not barred by the doctrines of *res judicata* or law of the case." *Id.* Furthermore, the trial court warned, "[u]pon review of the materials, the [c]ourt shall determine whether the proposed lawsuit is frivolous, malicious, fails to state a claim upon which relief may be granted, or is otherwise utterly without merit. If such is found by the [c]ourt, or if [Sumbry] does not file the required materials within thirty (30) days, the proposed complaint shall not be filed." *Id.*

On September 29, 2003, Sumbry filed a five-page, handwritten "Affidavit in Support of Writ" in which he essentially argues the merits of his criminal convictions in the aforementioned cases. As a result, on January 30, 2004, the trial court entered the following Order:

[Sumbry] on September 29, 2003, filed his Brief in response to the [c]ourt's Order of September 22, 2003.

Upon review of his Brief, the [c]ourt finds as follows:

1. [Sumbry's] allegations set out in the rhetorical paragraphs of his response once again allege claims of [Sumbry] regarding his prior convictions which were raised and adjudicated in his previous Post–Conviction Relief Petitions. As such they fail to state claims upon which relief can be granted.

2. Since this is not the first or second time [Sumbry] has attempted to re-litigate these previously denied claims, this [c]ourt finds his attempt herein to re-litigate them is at the least frivolous and at the most malicious but in any event, under any standard of review they are utterly without merit.

The proposed Complaint against Cecil Davis is therefore not to be filed. Any further pleadings filed with the Clerk or sought to be filed with the Clerk are moot and are to be returned to [Sumbry].

(Order of the Judge of Lake County Superior Court, Civil Division, Room 2, dated January 30, 2004).

Sumbry now appeals. We will supply additional facts as necessary.

### DISCUSSION AND DECISION

Sumbry argues all manner of due process violations based on the trial court's refusal to conduct a hearing on his petition. However, the fact of the matter is that, as the trial court notes in its Order, Sumbry simply fails to state a claim upon which relief can be granted.

■ A writ of habeas corpus functions to bring the person in custody before the court for inquiry into the cause of restraint. *Partlow v. Superintendent, Miami Correctional Facility*, 756 N.E.2d 978, 980 (Ind.Ct.App.2001). A detainee is entitled to habeas corpus only if he is entitled to immediate release from unlawful custody. *Id.* In addition, a person may not petition a court for writ of habeas corpus to attack his conviction or sentence. *Id.* The proper procedural vehicle for such a challenge to the validity of his conviction or sentence is a petition for post-conviction relief, rather than a petition for writ of habeas corpus. *Id.*

Here, Sumbry clearly attacks the validity of his convictions in his Petition for Writ of Habeas Corpus. Although the trial court would usually automatically consider Sumbry's petition as one for post-conviction relief instead of for writ of habeas corpus, Sumbry has already attempted direct appeal and post-conviction relief for the underlying convictions. Sumbry's convictions and sentences were upheld on appeal in both cases; consequently, Sumbry is not entitled to a second bite at the apple. *See Harris v. Duckworth*, 507 N.E.2d 1382, 1382 (Ind.1987)(where our supreme court held "[w]hen a prisoner is being held in a state prison, under a commitment regular on its face, habeas corpus will not lie and the petition for the writ should be dismissed").

■ Nevertheless, instead of dismissing Sumbry's petition outright, the trial court exercised its discretion under Indiana Trial Rule 15(A) to allow Sumbry to amend his petition. *See* T.R. 15(A)( [a] party may amend his pleading once as a matter of course at any time before a responsive pleading is served); *see also United of Omaha v. Hieber*, 653 N.E.2d 83, 88 (Ind. Ct.App.1995), *reh'g denied, trans. denied*, (where the trial court *sua sponte* ordered the plaintiff to replead two paragraphs of his complaint to cure an error in the original complaint). Here, the trial court di-

rected Sumbry to prepare a legal brief, complete with competent legal argument and citation to authority, and to explain the legal basis asserted in his petition. Sumbry was also directed to show that his claims were not barred by the doctrines of *res judicata* or law of the case. When Sumbry was unable to fulfill the trial court's directive, the trial court refused to allow Sumbry to file his proposed petition based on our holding in *Parks*. We find no abuse of discretion in the trial court's refusal of Sumbry's Petition for Writ of Habeas Corpus. *See Partlow*, 756 N.E.2d at 980.

■ Moreover, realizing that this case was already on review before the issuance of our memorandum decision in *Sumbry v. Hammond Law Dep't, et al.*, No. 45A04–0305–CV–257, 2004 WL 983568, slip op. (Ind.Ct.App. April 19, 2004), we are inclined to reiterate our admonishment in that case:

> given Sumbry's proclivity for continually filing frivolous and vexatious lawsuits, there will inevitably be future meritless petitions filed by him. We therefore admonish him and enjoin him from filing any future lawsuits arising from his 1996 arrest and subsequent imprisonment except under the following conditions: (1) Prior to filing any such lawsuit, Sumbry shall submit to the trial court a copy of

the complaint he wishes to file; (2) Sumbry shall also file a copy of all of the relevant documents pertaining to the ultimate disposition of each and every previous case instituted by Sumbry against the same defendant or emanating, directly or indirectly, from any alleged conspiracy by public officials. This includes, but is not limited to, the complaint, any motions to dismiss or motions for summary judgment filed by the defendants in those actions, the trial court order announcing disposition of the case, and any opinions issued in the case by any appellate court; (3) Sumbry shall file a legal brief, complete with competent legal argument and citation to authority, explaining to the court why the new action is not subject to dismissal by application of the doctrines of res judicata, collateral estoppel, or law of the case. If, after reviewing these materials, the trial court determines that the proposed lawsuit is frivolous, malicious, fails to state a claim upon which relief may be granted, or is otherwise utterly without merit, the court shall dismiss with prejudice the proposed complaint; (4) Sumbry is required to verify his new complaint pursuant to Indiana Trial Rule 11(B); and (5) Sumbry is specifically instructed to attach to such complaint a separate copy of this final section of the instant opinion.[2]

---

2. The Indiana Legislature has recently passed a bill that provides for the screening of inmate lawsuits. HB 1153, which will be codified at Indiana Code chapter 34–58–1 and will become effective July 1, 2004, reads:

> Chapter 1. Screening Procedure
> Sec. 1. Upon receipt of a complaint or petition filed by an offender, the court shall docket the case and take no further action until the court has conducted the review required by section 2 of this chapter.
> Sec. 2. (a) A court shall review a complaint or petition filed by an offender and shall determine if a claim may proceed. A

claim may not proceed if the court determines that the claim:
> (1) is frivolous;
> (2) is not a claim upon which relief may be granted; or
> (3) seeks monetary relief from a defendant who is immune from such relief.
> (b) A claim is frivolous under subsection (a)(1) if the claim:
> (1) is made primarily to harass a person; or
> (2) lacks an arguable basis either in:
> (A) law; or
> (B) fact.

*Sumbry,* No. 45A04–0305–CV–257, slip op. pp. 5–7.

### CONCLUSION

Based on the foregoing, we conclude that the trial court did not abuse its discretion in rejecting Sumbry's attempt to file a Petition for Writ of Habeas Corpus.

Affirmed.

KIRSCH, C.J., and NAJAM, J., concur.

Sec. 3. If a court determines that a claim may not proceed under section 2 of this chapter, the court shall enter an order:

(1) explaining why a claim may not proceed; and

(2) stating whether there are any remaining claims in the complaint or petition that may proceed.

Sec. 4. The clerk of the court shall send an order entered under section 3 of this chapter to:

(1) the offender;

(2) each defendant or respondent in the action;

(3) the department of correction, if the offender is incarcerated by the department of correction;

(4) the sheriff of the county in which the inmate is incarcerated, if the inmate is incarcerated in a county or city jail; and

(5) the attorney general

Chapter 2. Abusive Litigation

Sec. 1. If an offender has filed at least three (3) civil actions that a court has determined under I.C. § 34–58–1–2 to contain a claim that:

(1) is frivolous;

(2) is not a claim upon which relief may be granted; or

(3) seeks monetary relief from a defendant who is immune from such relief;

the offender may not file a new complaint or petition unless a court determines the offender is in immediate danger of serious bodily injury (as defined in I.C. § 35–41–1–25).