F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**June 2, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LARRIANTE J. SUMBRY,

    Petitioner - Appellant,

v.

CECIL DAVIS,

    Respondent - Appellee.

Nos. 05-3028 & 05-2045
D. Kansas
(D.Ct. No. 04-CV-3496-SAC)
and
D. New Mexico
(D.Ct. No. CIV-04-1437 JB/ACT)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**
**AND DISMISSING APPEAL**

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* FED. R. APP. P. 34(a)(2); 10th Cir. R. 34.1.(G). The case is therefore ordered submitted without oral argument.

Mr. Sumbry is a promiscuous as well as a frivolous filer. These pro se appeals are from federal district courts in New Mexico (05-2045) and Kansas (05-3028). They are consolidated for administrative purposes.

Mr. Sumbry was convicted in the Indiana state courts and is incarcerated in Indiana. He filed an "Instant Uniform Treaty Writ of Habeas Corpus" in the

United States District Court for the District of New Mexico alleging he was illegally arrested in Indiana and the Indiana courts were without jurisdiction. The district court construed the filing as an application under 28 U.S.C. § 2254 and dismissed it without prejudice to his right to pursue his claims in an appropriate forum. It observed that while his "application may not be 'clearly doomed,' [] he presents no factual basis for the relief he seeks." (R., Vol. I, Doc. 5, citing *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000)). The court denied his request for a certificate of appealability (COA), but permitted him to appeal *in forma pauperis (ifp)*. Mr. Sumbry has renewed his request for COA in this Court.

Mr. Sumbry also filed a petition for habeas corpus in the United States District Court for the District of Kansas. The district court noted the following:

> The petition reflects that petitioner was arrested in June 1998 by Gary [Indiana] police. Neither the petition nor attachments suggest any basis for the exercise of jurisdiction by this court, as it appears that all relevant events occurred in the State of Indiana. Petitioner must file any federal habeas corpus action relating to an Indiana conviction in the federal courts for the District of Indiana.

(R., Doc. 2 at 1.) It then directed him to show cause why the petition should not be dismissed for lack of jurisdiction. It also observed:

> [P]etitioner is familiar with the federal courts in Indiana and that he is subject to prior restrictions against filing civil actions. See Montgomery v. Davis, 362 F.3d 956 (7th Cir. 2004) (upholding sanctions against petitioner and another prisoner which include a prohibition against filing a habeas corpus action unless it challenged a state criminal judgment).

(*Id.* at 1 n.1.)

The court later considered his response, stating:

> The court also has reviewed petitioner's response to the order to show cause and concludes the petitioner has failed to identify any legal grounds under which this court has jurisdiction to consider petitioner's challenge to an Indiana state conviction. As the court explained in its earlier order, petitioner must pursue habeas corpus relief related to that conviction in the federal courts for the District of Indiana.

(R., Doc. 4 at 1.) It dismissed for lack of jurisdiction and denied COA. The district court also denied *ifp* status, but did not make the required certification. Mr. Sumbry has renewed his request for COA in this Court.

We GRANT Mr. Sumbry's motion to proceed *ifp* but DENY a COA in 05-3028 for substantially the same reasons stated by the United States District Court for the District of Kansas. For substantially the same reasons stated by the United States District Court for the District of New Mexico, we DENY COA in 05-2045.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge