APPELLANT                                    ATTORNEYS FOR APPELLEE
Larriante Sumbry                             Steve Carter
Michigan City, Indiana                       Attorney General of Indiana

                                             Frances H. Barrow
                                             Deputy Attorney General

# In the
# Indiana Supreme Court

No. 46S04-0511-CV-511

LARRIANTE SUMBRY,

                                             *Appellant (Plaintiff  below),*

v.

WILLIAM J. BOKLUND,

                                             *Appellee (Defendant  below).*

Appeal from the LaPorte Superior Court, No. 46D04-0303-CT-110,
The Honorable Lizbeth W. Pease, Special Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 46A04-0404-CV-237

November 3, 2005

**Per Curiam.**

Larriante Sumbry filed a civil tort action against LaPorte Superior Court Judge William

Boklund.  The trial court granted Boklund's motion to dismiss for failure to state a claim upon

which relief could be granted, but declined to find that Sumbry's complaint was "frivolous,

unreasonable or groundless" within the meaning of Indiana Code section 35-50-6-5(a)(4) (Supp. 2004). The Indiana Court of Appeals affirmed in an unpublished decision, Sumbry v. Boklund, No. 46A04-0404-CV-237 (Ind. Ct. App. Feb. 9, 2005), and Sumbry petitioned to transfer jurisdiction of the case to this Court. We grant transfer to address whether his complaint was frivolous, unreasonable or groundless. *See* Ind. Appellate Rule 58(A) (stating that "[u]pon the grant of transfer, the Supreme Court shall have jurisdiction over the appeal and all issues as if originally filed in the Supreme Court."). We hold that it was unreasonable.

## Background & Discussion

Sumbry is an inmate at the state prison in Michigan City. His direct appeals and post-conviction proceedings with respect to his convictions have been resolved against him. *See* Sumbry v. Miscellaneous Docket Sheet for Year 2003, 811 N.E.2d 457, 459 (Ind. Ct. App. 2004), *trans. denied.* In the past several years, Sumbry has initiated numerous civil proceedings against various judges, magistrates, attorneys, and other governmental officials. Some of those proceedings were filed in Judge Boklund's court. Sumbry did not agree with some of Boklund's rulings, and initiated appeals from them. *See, e.g.*, Sumbry v. Pera, 795 N.E.2d 470 (Ind. Ct. App. 2003), *trans. denied* (Ind. 2004). Sumbry then filed this action directly against Boklund, alleging the judge had miscalculated the $6 partial filing fee Sumbry was required to pay, should have appointed free counsel for Sumbry in the civil actions, and had not timely ruled on various matters. Sumbry sought money damages. Boklund moved to dismiss the complaint for failure to state a claim upon which relief can be granted, *see* Trial Rule 12(B)(6), accurately noting that these matters pertain to discretionary judicial actions, all of which are covered by the doctrine of judicial immunity. The trial court granted the motion to dismiss and the Court of Appeals

2

affirmed. We summarily affirm that portion of the Memorandum Decision. *See* App. R. 58(A)(2).

Boklund also moved the trial court to certify Sumbry's action as "frivolous, unreasonable or groundless" under Indiana Code section 35-50-6-5(a)(4). The trial court's order states that the court found "no merit" to Sumbry's complaint, but the court "refuse[d] to certify the case" under the statute. (Appellee's Br. at 14 (containing copy of trial court's order).) Boklund raised the issue in his appellate brief, but the Court of Appeals affirmed, "declin[ing] to revisit the trial court's determination." Slip op. at 3 n.3.

The statute provides that an inmate may be deprived of earned credit time "[i]f a court determines that a civil claim brought by the person in a state or administrative court is frivolous, unreasonable or groundless." I.C. § 35-50-6-5(a)(4). The relevant terms have been defined in earlier cases:

> [A] claim is frivolous if it is made primarily to harass or maliciously injure another, if the proponent is not able to make a good-faith and rational argument on the merits of the claim, or if the proponent cannot support the action by a good-faith and rational argument for extension, modification, or reversal of existing law. A claim is "unreasonable" if, considering the totality of the circumstances, no reasonable attorney would consider the claim justified or worthy of litigation. A claim is "groundless" if there are no facts that support the legal claim relied upon.

Parks v. Madison County, 783 N.E.2d 711, 725 (Ind. Ct. App. 2002), *trans. denied* (Ind. 2003); *see also* Emergency Physicians of Indianapolis v. Pettit, 714 N.E.2d 1111, 1115 (Ind. Ct. App. 1999) (applying same definition for the same terms that appear in statute permitting attorney fee awards in civil cases), *adopted by* 718 N.E.2d 753, 757 (Ind. 1999).

We construe the trial court's refusal to certify the case to be a legal conclusion that the complaint was not frivolous, unreasonable or groundless.  Reviewing this legal conclusion *de novo*, we reverse.  *See* Emergency Physicians, 714 N.E.2d at 1115.  Sumbry's claims against Boklund so clearly fall within the doctrine of judicial immunity that Sumbry has not and cannot rationally argue his complaint has merit.  Furthermore, Sumbry has already litigated and lost his arguments concerning the filing fee and appointment of counsel in another case he litigated in Boklund's court.  *See* Sumbry v. Pera, 795 N.E.2d 470 (Ind. Ct. App. 2003) (affirming dismissal of Sumbry's complaint against governmental employees for failure to pay $6 filing fee), *trans. denied* (Ind. 2004).  True, Sumbry is not an attorney and he appeared pro se throughout this litigation.  But pro se litigants are generally held to the same standard.  *See* Parks, 783 N.E.2d at 723.

In any event, Sumbry has a good deal of experience with the legal system.  In addition to his criminal proceedings and the actions he has commenced in trial courts, our chronological case summary shows that he has initiated twenty appeals in civil cases, filed eleven original actions with us, and that his cases have been the subject of seventeen special judge matters, some of which resulted from his filing this complaint against Boklund.  There is an abundance of correspondence between Sumbry and our Administrator's Office concerning procedural inquiries and requests for legal forms, among other things.  The Court of Appeals has noted Sumbry's "proclivity for filing frivolous and vexatious lawsuits."  Id. at 461 (quoting Sumbry v. Hammond, No. 45A04-0305-CV-257, slip op. at 5 (Ind. Ct. App. Apr. 19, 2004) (unpublished mem. decision), *trans. denied*).  Sumbry's reputation even extends to other jurisdictions.  *See,*

4

*e.g.,* <u>Sumbry v. Davis</u>, No. 05-3028, unpublished order (10th Cir. June 2, 2005) (stating "Mr. Sumbry is a promiscuous as well as a frivolous filer"). Every resource that courts have devoted to Sumbry's numerous civil proceedings is a resource denied to other legitimate cases with good-faith litigants.

Under the circumstances of this case, we conclude that Sumbry's complaint against Boklund was unreasonable such that he is subject to being deprived of earned credit time under Indiana Code section 35-50-6-5(a)(4). *See* <u>Parks</u>, 783 N.E.2d at 725-26; <u>Martin v. Heffelfinger</u>, 744 N.E.2d 555, 560 (Ind. Ct. App. 2001).

**Conclusion**

We grant transfer, summarily affirm that portion of the Court of Appeals Memorandum Decision affirming the trial court's dismissal of Sumbry's complaint, remand this case to the trial court for entry of an order finding Sumbry's complaint "unreasonable" under Indiana Code section 35-50-6-5(a)(4) and ordering any further proceedings appropriate under that statute.

All Justices concur.

5