**F I L E D**

UNITED STATES COURT OF APPEALS

**March 27, 2006**

TENTH CIRCUIT

THOMAS WOODBERRY,

      Petitioner-Appellant,

v.

DAVID McKUNE, Warden, and
ATTORNEY GENERAL OF THE
STATE OF KANSAS,

      Respondents-Appellees.

No. 05-3255

(D. of Kan.)

(D.C. No. 03-CV-3323-SAC)

ORDER [*]

Before **HARTZ** , **EBEL** , and **TYMKOVICH** , Circuit Judges. [**]

    Petitioner-Appellant Thomas Woodberry, a state prisoner appearing pro se,

is a frequent filer in both the state and federal courts. This appeal stems from the

district court's transfer of Mr. Woodberry's 28 U.S.C. § 2254 motion as a

successive or second habeas petition, which we subsequently dismissed. The

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders; nevertheless, an order may be cited under the terms and
conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Supreme Court dismissed his petition for a writ of certiorari. *Woodberry v. Kansas*, Nos. 04-3250, 04-3252 (10th Cir. Sept. 1, 2004) (unpublished), *cert. dismissed*, 543 U.S. 1191 (2005).

After these unsuccessful appeals, Mr. Woodberry filed in the district court a motion for relief from judgment under Fed. R. Civ. P. 60(b), claiming the respondents misrepresented facts during the habeas proceedings so as to erect a procedural bar to his claims and consequently preclude review of the merits. The district court denied the motion, noting that it was a successive habeas petition for which Mr. Woodberry had failed to seek authorization from this court as required by 28 U.S.C. § 2244(b)(3). The court further cautioned Mr. Woodberry to seek leave of the court before submitting additional pleadings in this matter. [1] He now appeals.

As the Supreme Court recently held, a Rule 60(b) motion should not be construed as a second or successive habeas petition where it alleges a "defect in the integrity of the federal habeas proceedings" under § 2254. *Gonzalez v. Crosby*, 125 S. Ct. 2641, 2648 (2005). "Fraud on the federal habeas court is one example of such a defect." *Id.* at 2648 n.5.

---

[1] Despite this warning, Mr. Woodberry filed yet another Rule 60(b) motion in the district court, again alleging fraud and misrepresentation by the government during the previous series of appeals. The district court denied this motion, noting that it had no basis for jurisdiction as Mr. Woodberry had failed to seek leave of the court before submitting his pleading.

Yet, even assuming a liberal construction of Mr. Woodberry's fraud claim asserts such a defect, his claim still should be dismissed. When fraud is alleged, it must be pleaded with particularity. Fed. R. Civ. P. 9(b); *see also Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995), *overruled on other grounds by Daniels v. United States*, 254 F.3d 1180, 1188 n.1 (10th Cir. 2001) (noting that to be entitled to an evidentiary hearing on claims raised in a habeas petition, the petitioner's allegations must be "specific and particularized, not general or conclusory"). Mr. Woodberry's conclusory allegation of "fraud upon the court" as evidenced by the government's misrepresentation of the disputed facts, Aplt.'s Br. at 3, does not satisfy this standard.

Additionally, we sua sponte impose restrictions on future filings in this court by Mr. Woodberry "commensurate with our inherent power to enter orders 'necessary or appropriate' in aid of our jurisdiction" under 28 U.S.C. § 1651. *Winslow v. Hunter (In re Winslow)*, 17 F.3d 314, 315 (10th Cir. 1994) (en banc). "The right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Id.* (quotation omitted). Thus, when a litigant repeatedly abuses the judicial process, the district court possesses the inherent power to impose filing restrictions necessary to aid its jurisdiction. *Id.* "This court approves restrictions placed on litigants with a documented lengthy history of

vexatious, abusive actions, so long as the court publishes guidelines about what the plaintiff must do to obtain court permission to file an action, and the plaintiff is given notice and an opportunity to respond to the restrictive order." *Werner v. Utah*, 32 F.3d 1446, 1448 (10th Cir. 1994).

Since 2001, Mr. Woodberry has filed twenty-two appeals with this court. We have repeatedly denied and dismissed those actions, finding them to be not only wholly without merit, but also legally frivolous.

Accordingly, we hereby ENJOIN Mr. Woodberry from proceeding as an appellant unless either (1) he is represented by a licensed attorney admitted to practice in this court, or (2) he first obtains permission to proceed pro se.

To proceed pro se, Mr. Woodberry must take the following steps:

1.     File a petition with the clerk of this court requesting leave to file a pro se action, which includes a list of all actions currently pending or filed previously with this court, including the name, number, and citation, if applicable, of each case, and the current status or disposition of the appeal; and

2.     File with the clerk a notarized affidavit, in proper legal form, which recites the issues he seeks to present, including a short discussion of the legal basis asserted for modifying the district court's decision, and describing with particularity the order being challenged.  The

affidavit also must certify, to the best of Mr. Woodberry's knowledge, that the legal arguments being raised are not frivolous or made in bad faith, that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, that the appeal is not interposed for any improper purpose such as delay or to needlessly increase the cost of litigation, and that he will comply with all appellate and local rules of this court.

These documents shall be submitted to the clerk of the court, who shall forward them to the Chief Judge for review to determine whether to permit an appeal. Without the Chief Judge's approval, the matter will be dismissed. If the Chief Judge approves the filing, an order shall be entered indicating that the appeal shall proceed in accordance with the Federal Rules of Appellate Procedure and the Tenth Circuit Rules.

Mr. Woodberry shall have fifteen days from the date of this order to file written objections, limited to fifteen pages, to these proposed sanctions. If he does not file objections, the sanctions shall take effect twenty days from the date of this order. The filing restrictions shall apply to any matter filed after that time. If petitioner does file timely objections, these sanctions shall not take effect until after this court has ruled.

Accordingly, we DISMISS Mr. Woodberry's appeal.  We caution Mr.

Woodberry to consider the filing restrictions placed upon him by both this court

and the district court.


Entered for the Court


Clerk of the Court