**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 3, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LARRIANTE SUMBRY,

      Petitioner-Appellant,

v.

CECIL DAVIS,

      Respondent-Appellee.

No. 05-8044

(D. Wyoming)

(D.C. No. 05-CV-125-CAB)

**ORDER**

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

Larriante Sumbry, an Indiana state prisoner proceeding pro se, seeks a certificate of appealability (COA) and leave to proceed *in forma pauperis* (IFP) to challenge the district court's order denying his petition for habeas corpus pursuant to 28 U.S.C. § 2254 for lack of jurisdiction. For the reasons stated below, we deny Mr. Sumbry's request for a COA, deny his request to proceed IFP, and dismiss this appeal.

I. BACKGROUND

In 1998, Mr. Sumbry's parole was revoked and he was incarcerated in the Indiana State Penitentiary. Since that time, he has filed many petitions and civil rights actions relating to his continued incarceration. The Seventh Circuit has

characterized Mr. Sumbry as having a "long histor[y] of filing frivolous lawsuits in this circuit." *Montgomery v. Davis*, 362 F.3d 956, 956 (7th Cir. 2004). In 2002, he "struck out under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g)." *Id.* Between 2002 and 2004, he filed nine habeas petitions within the Seventh Circuit. To remedy this problem, that court ordered that "clerks of all federal courts within this circuit must return unfiled any papers submitted by . . . Sumbry unless the petition attacks a state court imposed criminal judgment." *Id.* at 957.

Since receiving this sanction, Mr. Sumrby has filed many habeas actions in various courts around the country, all of which have been denied as untimely or as lacking jurisdiction. *See, e.g., Sumbry v. Gary City Police*, No. 05-30242, 2006 WL 468291 (5th Cir. Feb. 23, 2006) (unpublished) (dismissing appeal as frivolous); *Sumbry v. Davis*, 160 F. App'x 295 (4th Cir. 2005) (unpublished) (denying COA); *Sumbry v. Davis*, 134 F. App'x 635 (4th Cir. 2005) (unpublished) (dismissing appeal for lack of jurisdiction and because notice of appeal was not timely filed); *Sumbry v. Davis*, 132 F. App'x 779 (10th Cir. 2005) (unpublished) (consolidated appeal denying COA for lack of jurisdiction).

## II. DISCUSSION

Issuance of a COA is jurisdictional. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). A COA may issue "only if the applicant has made a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327.

We agree with the district court that Mr. Sumbry has made no arguments explaining why this court should exercise jurisdiction over his claim. After a review of the record in this case, we agree that the district court lacks jurisdiction over Mr. Sumbry's petition. We therefore deny Mr. Sumbry's request for a COA for substantially the same reasons as the district court. We also agree that "it would not be in the interest of justice to transfer this matter to the United States District Court for [the] Northern District of Indiana under 28 U.S.C. § 1406, as the [Seventh] Circuit has imposed filing restrictions on Mr. Sumbry for his numerous frivolous petitions." Rec. vol. I, doc. 3 at 1 (Dist. Ct. Order, filed May 5, 2005). As his appeal is patently frivolous and does not even address the jurisdictional problems the district court identified, we also deny Mr. Sumbry's request to proceed IFP. Mr. Sumbry is responsible for the immediate payment of the unpaid balance of the appellate filing fee.

We are left, however, with the problem of what to do about Mr. Sumbry's abuse of the habeas petition in the courts of this circuit. As a previous panel of

our court has stated, he "is a promiscuous as well as a frivolous filer." *Sumbry*, 132 F. App'x at 779. Mr. Sumbry should now be well aware that the courts of this circuit lack jurisdiction over this matter, as the present case is at least his third meritless attempt to obtain relief in this court. We warn that any future filings in our court that are frivolous will put him at the risk of sanctions, including being barred from proceeding as an appellant in this court unless he obtains permission or is represented by a licensed attorney. *See, e.g., Woodberry v. McKune*, No. 05-3255, 2006 WL 770617 (unpublished) (10th Cir. Mar. 27, 2006) (imposing, *sua sponte*, various restrictions on a prisoner who "repeatedly abuses the judicial process."); *see also Werner v. Utah*, 32 F.3d 1446, 1448 (observing that "[t]his court approves restrictions placed on litigants with a documented lengthy history of vexatious, abusive actions, so long as the court publishes guidelines about what the plaintiff must do to obtain court permission to file an action, and the plaintiff is given notice and an opportunity to respond to the restrictive order.").

## III. CONCLUSION

For the reasons stated above, we DENY Mr. Sumbry's request for a COA, DENY his request to proceed IFP, and DISMISS this appeal.

Entered for the Court

4

Robert H. Henry
Circuit Judge