CHRISTOPHER A. VEBERT, SR., Appellant-Petitioner,
v.
INDIANA PAROLE BOARD, et al. Appellee-Respondent.
No. 32A05-0606-CV-283
Court of Appeals of Indiana.
December 12, 2006.
STEVE CARTER, Attorney General of Indiana, APPELLANT PRO SE.
CHRISTOPHER A. VEBERT, SR., Greencastle, Indiana, ELIZABETH ROGERS, Deputy Attorney General, Indianapolis, Indiana, ATTORNEYS FOR APPELLEE.

MEMORANDUM DECISION
KIRSCH, Chief Judge.
Christopher A. Vebert, Sr., acting pro se, appeals the trial court's dismissal of his petition for writ of habeas corpus raising the following consolidated and restated issues:
I. Whether the trial court erred in dismissing his petition for writ of habeas corpus.
II. Whether the trial court erred in failing to appoint counsel. We affirm.[1]

FACTS AND PROCEDURAL HISTORY
On July 15, 1993, Vebert was sentenced to twenty years in prison for Class A felony burglary and to a concurrent twenty years in prison for Class B felony armed robbery. On November 18, 2005, the Indiana Parole Board ("Board") denied Vebert's application for parole on the basis of the nature and circumstances of the crimes (seriousness of the offenses) and his past criminal history. Appellant's Br. at 23.[2] Vebert was, at that time, housed in the Plainfield Correctional Facility in Hendricks County.[3]
On February 17, 2006, Vebert filed a pro se petition for writ of habeas corpus in the Hendricks Circuit Court alleging that the Board had denied him due process at his parole hearing. Appellant's Br. at 11-13. Specifically, Vebert stated that his right to due process was violated because: (1) the Board cited to improper reasons to deny his parole;[4] (2) the evidence presented against him was false and tainted, (3) he was denied the opportunity to dispute or contest the evidence; and (4) some of the evidence presented by the Board was not documented.
On April 3, 2006, Vebert requested that the trial court set a date and time to hear his petition for writ of habeas corpus. He also requested that the trial court order his transport to the Hendricks Circuit Court to attend the hearing. Without reference to the request for transport, the trial court set Vebert's hearing for May 3, 2006. On April 27, 2006, Vebert filed a motion for appointed counsel. While there is no evidence in the record before us whether the trial court ruled on that motion, no attorney appeared on Vebert's behalf at the May 3rd hearing. Likewise, Vebert was not present for that hearing.
At the commencement of the hearing, the trial court stated that it was required to hold a hearing on a petition for writ of habeas corpus. The State conceded that a hearing would be necessary for a writ of habeas corpus but contended that an appeal of the denial of parole Vebert's true complaintcould not properly be addressed in a petition for writ of habeas corpus. The trial court agreed, and dismissed Vebert's petition. Vebert now appeals.

DISCUSSION AND DECISION

I. Habeas Corpus
Habeas corpus practice is a well-established but little-used remedy under Indiana law. Benford v. Marvel, 842 N.E.2d 826, 828 (Ind. Ct. App. 2006). "Every person whose liberty is restrained, under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered from the restraint if the restraint is illegal." IC 34-25.5-1-1.
Our Supreme Court has held:
"[N]o court has jurisdiction to entertain a petition for a writ of habeas corpus unless it is alleged that the prisoner is entitled to immediate discharge. See Hendrixson v. Lash, [258 Ind. 550, 282 N.E.2d 792, 794 (1972)]. A prisoner can only obtain a discharge through habeas corpus. He cannot obtain modification of his commitment. Shoemaker v. Dowd, [232 Ind. 602, 115 N.E.2d 443 (1953)]."
Young v. Duckworth, 271 Ind. 554, 557, 394 N.E.2d 123, 125 (Ind. 1979), cert. denied, 445 U.S. 906, 100 S. Ct. 1084, 63 L. Ed. 2d 323 (1980) (quoting Hawkins v. Jenkins, 268 Ind. 137, 140, 374 N.E.2d 496, 498 (Ind. 1978)). In his petition for writ of habeas corpus, Vebert made no claim that he was entitled to immediate discharge. Instead, he complained that he had not been granted parole, i.e., he was prevented from enjoying an early release from his sentence.
In his petition, Vebert clearly attacks the validity of his convictions. Usually, a trial court would automatically consider an improper writ of habeas corpus as a petition for post-conviction relief. See Sumbry v. Misc. Docket Sheet for Year 2003, 811 N.E.2d 457, 461 (Ind. Ct. App. 2004), trans. denied. However, here, our court docket reveals that Vebert has already filed a petition for successive post-conviction relief for the underlying convictions of burglary and armed robbery. See Vebert v. State, No. 02A03-9911-SP-413 (Ind. Ct. App. Dec. 20, 1999). He is "not entitled to a second bite at the apple." See Harris v. Duckworth, 507 N.E.2d 1382, 1382 (Ind. 1987) (where our supreme court held "[w]hen a prisoner is being held in a state prison, under a commitment regular on its face, habeas corpus will not lie and the petition for the writ should be dismissed"). The trial court did not err in dismissing Vebert's petition for writ of habeas corpus.

II. Appointed Counsel
Vebert next contends that the trial court erred in denying his request for appointed counsel. Specifically, he asserts that, in response to his having filed a "Verified Motion for Counsel," he "received back a Historical Record stating, 'Petitioner pro-se filed verified motion for counsel. Those matters will be taken up at the Hearing set for 5-3-06.'" Appellant's Br. at 8. During the May 3rd hearing, the trial court dismissed Vebert's petition for writ of habeas corpus and ended the hearing without addressing the issue of appointed counsel. There is no evidence in the record before us that the trial court ever ruled on the issue of appointed counsel.
Vebert contends that his financial status and his limited access in prison to legal material are factors that entitle him to appointed counsel. IC XX-XX-X-X provides, "An indigent person who does not have sufficient means to prosecute or defend an action may apply to the court in which the action is intended to be brought, or is pending, for leave to prosecute or defend as an indigent person." IC XX-XX-X-X(d) provides:
(d) The court shall deny an application made under [IC XX-XX-X-X] if the court determines any of the following:
(1) The applicant failed to make a diligent effort to obtain an attorney before filing the application.
(2) The applicant is unlikely to prevail on the applicant's claim or defense.
Here, the trial court made no findings regarding Vebert's efforts to obtain an attorney or his likelihood of success on his claim. Even so, the record before us reveals that: (1) he filed his petition on February 17, 2006; (2) on April 3, 2006, he requested that the trial court set a date for his hearing; and (3) after the May 3 hearing was set, he filed a request for an attorney on April 27, 2006less than one week before the hearing. The evidence further reveals that Vebert was unlikely to prevail on his claim. As a prisoner being held in a state prison, under a commitment regular on its face, the trial court had no jurisdiction over Vebert's writ of habeas corpus. See Harris, 507 N.E.2d at 1382; State ex rel. Spence, 219 Ind. at 533, 39 N.E.2d at 733. The writ of habeas corpus was, therefore, properly dismissed.
A claim properly alleging that Vebert was not afforded due process at his parole hearing would also fail. Describing a comparable claim, our Court in Colvin v. Bowen, 399 N.E.2d 835 (Ind. Ct. App. 1980) provided the following analysis:
The first issue raised by Murphy is whether the Parole Board violated his due process rights by failing to give adequate and sufficient reasons for the denial of parole. Specifically, he contends that the Board, in merely stating that parole was denied because of the "seriousness of the offense," failed to give any factual reasons for the denial, failed to give Murphy any indication of what he should do to make himself a more likely candidate for parole, and overlooked the positive aspects of his record. In support of his argument, he cites several pre-Greenholtz (Greenholtz v. Inmates of Nebraska Penal & Cor., 442 U.S. 1, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979)) cases which held that the reason given for denial must be sufficiently specific so as to allow meaningful judicial review. However, those cases were decided under the erroneous assumption that the due process clause is applicable to parole release in the same manner as it is applicable to parole revocation. The United States Supreme Court held in Greenholtz that an inmate's parole release rights, if any exist, must have their origins within the parole release law of that state. Our Legislature has delegated to the Parole Board the responsibility of determining the conditions of early release, without further specification. We conclude that, when the Parole Board advised Murphy that they were denying early release because of the 'seriousness of his offense,' they correctly stated their reason for the denial. Such advisement met the requirement of procedural due process said to be owing in Young v. Duckworth, [394 N.E.2d at 126-27].
399 N.E.2d at 838-39. Vebert's claims echo those made in Colwin. The Board's procedures in denying Vebert parole, like those in Colwin, met the requirements of procedural due process required under Young v. Duckworth. 394 N.E.2d at 126-27.
Vebert's claim was unlikely to succeed under any theory. IC XX-XX-X-X(d) provides, "the court shall deny an application made under [IC XX-XX-X-X] if the court determines . . . [t]he applicant is unlikely to prevail on the applicant's claim . . . ." The trial court did not err in dismissing Vebert's writ of habeas corpus without appointing counsel.
Affirmed.
SHARPNACK, J., and MATHIAS, J., concur.
NOTES
[1] On June 22, 2006, Vebert filed a pro se motion for oral argument. We denied that motion in a separate order.
[2] The Appellant's Brief contains documents that should be part of a separate appendix. Because Vebert failed to number either the pages of his brief or the attached appendix, we cite to the page number listed on the Table of Contents in his Brief.
[3] As would have been required in a petition for writ of habeas corpus, Vebert also sued Christopher Meloy who was, at that time, the Superintendent of the Plainfield Correctional Facility. Vebert is no longer housed in the Plainfield Correctional Facility.
[4] In his petition for writ of habeas corpus, Vebert stated, "petitioner was denied to be renstated [sic] back on parole, based on the decision of the Indiana Parole Board due to the nature and circumstances of the original offense committed in December of 1992, of which the original offense has nothing at all to do with the violations of which he is incarcerated at this time." Appellant's Br. at 12 (emphasis added). While the record before us contains no evidence that Vebert had ever been granted parole on these convictions, our Court's recent decision in Vebert v. Slayton, No. 35C01-0403-JP-17 (Ind. Ct. App. April 7, 2006), reveals that in June of 2004 Vebert was incarcerated in Indiana as a result of a parole violation. The writ provides that Vebert violated his parole by failing to report a change of address, unlawful travel out of state, etc. Appellant's Br. at 11. Here, Vebert is not appealing the revocation of parole on the basis of his parole violations; instead, he is appealing the Board's November 18, 2005 refusal to grant parole for a second time on the offenses of burglary and armed robbery.