## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 21 2019, 7:19 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Aaron E. Isby
Westville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Aaron E. Isby,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

February 21, 2019

Court of Appeals Case No.
18A-CR-1659

Appeal from the Madison Circuit Court

The Honorable Angela Warner Sims, Judge

Trial Court Cause No.
48C01-9011-CF-139

**Mathias, Judge.**

[1] Aaron Isby[1] appeals the Madison Circuit Court's denial of his motion to correct erroneous sentence. Because addressing Isby's claims requires consideration of matters outside the face of the sentencing order, and because Isby's claims have already been considered and rejected, we affirm.

## Facts and Procedural History

[2] As this court previously stated in an early appeal involving Isby, "Isby's record of convictions, sentences, and pro se petitions makes outlining his status something of a challenge[.]" *Isby v. Lemmon*, No. 77A01-1504-PL-132, 2015 WL 7686946 at *1 (Ind. Ct. App. Nov. 25, 2015). The basic facts, however, are that Isby was sentenced in 1988 to a thirty-year sentence for Class A felony robbery. *Id*. He was also sentenced to ninety days for contempt of court. *Id*.

[3] Before he completed these sentences, however, Isby stabbed two correctional officers in October 1990 and, as a result was charged with two counts of attempted murder and Class A misdemeanor battery. Isby was convicted on these charges in 1992 and sentenced to an additional forty years of incarceration.[2] *Id.* As Isby was already incarcerated serving another sentence, the trial court awarded Isby no credit time for his pre-trial confinement. Isby's

---

[1] Isby has also filed numerous cases under the name of Aaron Israel. *See Israel v. Donahue*, No. 77A01-0802-CV-92, 2008 WL 3498037 at *1 n.1 (Ind. Ct. App. Aug. 14, 2008).

[2] Specifically, Isby was sentenced to forty years on the first count of attempted murder, a concurrent term of thirty years on the second count of attempted murder, and a concurrent term of one year on the battery conviction.

convictions were affirmed by this court on direct appeal. *Isby v. State*, No. 48A02-9402-CR-58 (Ind. Ct. App. April 6, 1995).

[4] In 1996, Isby filed a pro se petition for post-conviction relief. The post-conviction court granted Isby's petition in part and denied it in part, reducing his conviction for Class A misdemeanor battery to a Class B misdemeanor and reducing his sentence on this count to six months. On appeal, this court affirmed the post-conviction court's judgment. *Isby v. State*, No. 48A02-0203-PC-216 (Ind. Ct. App. Sept. 6, 2002).

[5] On May 1, 2006, Isby filed a pro se motion to correct erroneous sentence, claiming he was entitled to credit for time served in prison prior to sentencing in 1992. The trial court summarily denied the motion, and this court affirmed again. *Isby v. State*, No. 48A02-0606-PC-463, 2006 WL 3823540 (Ind. Ct. App. Dec. 29, 2006).

[6] On April 18, 2007, Isby filed a pro se petition for writ of habeas corpus. The trial court denied the petition because it was not filed in the court in the county where Isby was incarcerated. This court again affirmed the trial court. *Isby v. Finnan*, No. 02A04-0705-CR-292, 2007 WL 3132614 (Ind. Ct. App. Oct. 29, 2007).

[7] On November 27, 2007, Isby filed another petition for writ of habeas corpus, claiming that he was entitled to release as of August 16, 2003. The trial court denied his habeas petition, but Isby did not timely appeal. Instead, he filed a motion for relief from judgment, which the trial court denied. We again

affirmed the trial court's judgment on this matter. *Isby v. Finnan*, 77A01-0806-CV-281, 2009 WL 1352016 at \*1 (Ind. Ct. App. May 14, 2009).

[8]     In 2008, Isby completed serving his thirty-year sentence for robbery and began to serve his sentence for contempt. This sentence was completed in 2009, at which time Isby began to serve the concurrent sentences that were imposed in 1992.

[9]     In 2010, Isby filed a complaint for declaratory and injunctive relief, contending that he was entitled to immediate release. Specifically, he noted that he had received a letter from the parole board stating that his projected release date was 2009. Isby claimed that this letter acted to estop the State from arguing that he had not completed his sentence obligations. The trial court treated this complaint as a petition for a writ of habeas corpus and granted the State's motion for summary judgment. This court affirmed yet again on appeal, noting that "[t]he Parole Board's letter to Isby was correct, as far as it went. In early 2009, Isby completed the executed portion of his robbery sentence and the ninety days he owed on the contempt," but this did not affect Isby's forty-year sentence that he had yet to complete. *Isby v. Lemmon*, No. 77A01-1504-PL-132, 2015 WL 7686946 (Ind. Ct. App. Nov. 25, 2015).

[10]    In 2014, Isby filed yet another petition for writ of habeas corpus. In this petition, Isby again argued that the letter from the parole board estopped the State from claiming that he could be imprisoned after this date. Isby also argued that his sentence for attempted murder should have run concurrently with his

sentence for robbery. The trial court denied the petition, and Isby again appealed. On appeal, this court determined that Isby's claims regarding the letter were barred by the doctrine of res judicata. *Isby v. Brown*, No. 77A05-1601-MI-233, 2016 WL 4697975 (Ind. Ct. App. Sept. 7, 2016). We also held that Isby could not properly present a claim in a petition for writ of habeas corpus that his sentence for attempted murder should have begun running as soon as it was imposed. *Id.* at *3 (citing *Sumbry v. Misc. Docket Sheet for Year 2003*, 811 N.E.2d 457, 460 (Ind. Ct. App. 2004) ("a person may not petition a court for writ of habeas corpus to attack his conviction or sentence.")). Nevertheless, we concluded that, pursuant to Indiana Code section 35-50-1-2(e),[3] "Isby was properly ordered to serve his attempted murder sentence consecutive to his prior sentences. As such, Isby did not begin serving his forty-year attempted murder sentence until 2009." *Id.* Accordingly, we affirmed the trial court's denial of Isby's habeas petition.

[11] The present case represents Isby's most recent attempt to be released from prison. In this case, he filed another motion to correct erroneous sentence on

---

[3] The relevant portion of this statute provides:

> If, after being arrested for one (1) crime, a person commits another crime:
>> (1) before the date the person is discharged from probation, parole, or a term of imprisonment imposed for the first crime; or
>> (2) while the person is released:
>>> (A) upon the person's own recognizance; or
>>> (B) on bond;
> the terms of imprisonment for the crimes shall be served consecutively, regardless of the order in which the crimes are tried and sentences are imposed.

Ind. Code § 35-50-1-2(e). At the time Isby committed his crimes, this provision was codified in subsection 2(b). *See* Ind. Code § 35-50-1-2 (1990).

January 23, 2018. In his motion, Isby again argued that he was entitled to credit for time he served from the date of his arrest in the attempted murder case on November 20, 1990, through his release on his prior sentences, and for time served up to December 18, 2017. Isby claimed that he was entitled to this credit because he was "detained" from the date of his arrest and because the trial court, erroneously according to Isby, ordered his sentence in this case to be served consecutively to his prior sentences. Isby claimed that his sentence in the present case actually began to run in 1992 when this sentence was imposed, not after his prior sentence was completed in 2008. The trial court denied Isby's motion, and Isby now appeals.

## Standard of Review and Applicable Law

[12] Isby appeals from the denial of his motion to correct erroneous sentence. Pursuant to Indiana Code section 35-38-1-15:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

[13] Our supreme court has explained that the purpose of this statute "is to provide prompt, direct access to an uncomplicated legal process for correcting the occasional erroneous or illegal sentence." *Robinson v. State*, 805 N.E.2d 783, 785 (Ind. 2004) (citation omitted). A motion to correct erroneous sentence is

appropriate only when the sentencing error is "clear from the face of the judgment imposing the sentence in light of the statutory authority." *Id*. at 787. Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct erroneous sentence. *Davis v. State*, 937 N.E.2d 8, 11 (Ind. Ct. App. 2010), *trans. denied*. Such claims should instead be addressed on direct appeal or through post-conviction relief. *Robinson*, 805 N.E.2d at 787. A motion to correct erroneous sentence is a narrow remedy, and a reviewing court will strictly apply the requirement of a facially erroneous sentence. *Id*.

[14] On appeal, we review a trial court's denial of a motion to correct erroneous sentence for an abuse of discretion, which occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Davis v. State*, 978 N.E.2d 470, 472 (Ind. Ct. App. 2012).

## Discussion and Decision

[15] Isby argues on appeal that he is entitled to credit for the time he served from the date of his arrest in the attempted murder case in 1990, through his release on his prior sentences, and for time served since then. Isby argues that he was detained from the date of his arrest in 1990 and that his forty-year consecutive sentence began to be served in 1992, not when he completed serving his prior sentences in 2009.

[16] To review Isby's claims would obviously require us, and the trial court, to consider matters outside the face of the judgment. This is precisely why he

attached to his motion twelve exhibits in support of his claims. As explained above, claims, such as Isby's, that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct erroneous sentence. *Davis*, 937 N.E.2d at 11. Isby was convicted of two Class A felonies and one Class A misdemeanor, which was later reduced to a Class B misdemeanor. For this, he received an aggregate sentence of forty years. We discern nothing facially erroneous about this sentence. We therefore conclude that the trial court properly denied Isby's motion to correct erroneous sentence.

[17] Moreover, as noted by the State, Isby presented this same argument in his second habeas petition in 2014, which the trial court denied and we affirmed. Thus, his claims are also res judicata.

[18] For these reasons, we affirm the judgment of the trial court.

Vaidik, C.J., and Crone, J., concur.