**UNITED STATES of America, Plaintiff–Respondent,**

v.

**Byron J. MILLER, Defendant–Movant.**

**No. 13–2011.**

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 14, 2013.

Decided Nov. 15, 2013.

Linda L. Mullen, Attorney, Office of the United States Attorney, Rock Island, IL, for Plaintiff–Respondent.

Byron J. Miller, Beaumont, TX, pro se.

Before DIANE P. WOOD, Chief Judge, JOEL M. FLAUM, Circuit Judge, and JOHN DANIEL TINDER, Circuit Judge.

### ORDER

Byron Miller was caught with heroin at the federal prison in Pekin, Illinois, where he was serving a lengthy sentence for drug crimes involving crack cocaine. The heroin possession led to additional convictions—and 210 more months in prison—for possession of a controlled substance with intent to distribute, 21 U.S.C. § 841(a)(1), and possession of contraband by an inmate, 18 U.S.C. § 1791(a)(2). That was in 1998. Since then we have affirmed Miller's convictions on direct appeal, *United States v. Miller*, 199 F.3d 416 (7th Cir. 1999); declined to grant a certificate of appealability when he challenged those convictions in a first motion to vacate under 28 U.S.C. § 2255, *see Miller v. United States*, No. 00–1420 (C.D.Ill.), *appeal dismissed*, No. 01–3235 (7th Cir. Nov. 14, 2001); denied two applications for leave to file a second or successive § 2255 motion, *Miller v. United States*, No. 04–3057 (7th Cir. Aug. 16, 2004); *Miller v. United States*, No. 04–1221 (7th Cir. Feb. 9, 2004); and refused to grant a certificate of appealability after Miller tried to appeal the dismissal of a successive § 2255 motion that he filed without our permission, *Miller v. United States*, No. 06–2210 (7th Cir. Aug. 3, 2006). Altogether, before this year, Miller had filed five § 2255 motions challenging his 1998 convictions; he mislabeled the last four, and the district court suspected that he did so deliberately to avoid the bar against second or successive motions. *See Miller v. United States*, No. 00–1420, 2006 WL 898143, at *2 (C.D.Ill. Apr. 5, 2006).

Miller has now filed yet another § 2255 motion challenging his 1998 convictions. This one is captioned as a "Motion for Reconsideration of Judgment/Order Based on a Sentence Reduction Pursuant to a Modification of Sentence." In this latest submission Miller argues that the district court should reconsider its application of the career-offender guideline to his 1998 convictions. *See* U.S.S.G. § 4B1.1. (Miller's sentence for his crack offenses was reduced based on a retroactive amendment to the sentencing guidelines, *see* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10, and he frivolously asserts that the sentence reduction undermines the consecutive punishment he received as a career offender for the additional crimes he committed in prison.) The district court looked past the label and recognized Miller's filing to be a § 2255 motion, *see Narvaez v. United States*, 674 F.3d 621, 627–30 (7th Cir.2011), and thus dismissed it for lack of subject-matter jurisdiction.

Miller filed a notice of appeal. In that document he also asked for a certificate of appealability, which is necessary to proceed with this appeal. *See* 28 U.S.C. § 2253(c)(1)(B). The district court did not issue a certificate, and before we could evaluate his application, Miller filed a brief. That brief not only discusses the claim made in his latest motion but also adds others, including one based on *Alleyne v. United States*, —— U.S. ——, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), and several more claims that Miller previously asserted in his unauthorized § 2255 motions. What his brief omits is any suggestion that the district court has misread his "Motion for Reconsideration" as another in a string of successive § 2255 motions. The government has filed a response brief instead of, as would be the norm, asking to be excused from responding given the absence of a certificate of appealability.

We have reviewed the district court's decision and the appellate record, and we conclude that Miller has not made a sub-

stantial showing of the denial of a constitutional right. We thus **DENY** his application for a certificate of appealability and **DISMISS** this appeal. *See* 28 U.S.C. § 2253(c)(2); *United States v. Carraway,* 478 F.3d 845, 849 (7th Cir.2007). In addition, to the extent that Miller's appellate brief might be construed as an application to file a second or successive § 2255 motion premised on *Alleyne,* we **DENY** that application, since the Supreme Court has not made *Alleyne* retroactive to cases on collateral review. *See Simpson v. United States,* 721 F.3d 875, 876 (7th Cir.2013). Miller has been warned by the district court that he faces monetary sanctions if he persists in filing unauthorized, successive § 2255 motions; we add our own warning that a restriction on future filings is also likely if Miller continues on the same path. *See Montgomery v. Davis,* 362 F.3d 956, 957 (7th Cir.2004); *Alexander v. United States,* 121 F.3d 312, 315–16 (7th Cir.1997).